## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FILED

2003 OCT 28  A 10: 08

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AON RE, INC.<br><br>Defendant. | Civil Action No. 303 CV 905 RNC<br><br>**DECLARATION OF CHERYL A. ROGERS IN OPPOSITION TO DEFENDANT AON RE, INC.'S MOTION TO STAY PROCEEDINGS** |

I, Cheryl A. Rogers, declare as follows:

1. I am employed as an Assistant Vice President / Exit Re of Swiss Re Life & Health America Inc. ("Swiss Re"). Before my employment by Swiss Re, I was employed by The Lincoln National Life Insurance Company ("Lincoln"). I became an employee of Swiss Re in December 2001 when it acquired the reinsurance operations of Lincoln. At present, I am responsible for account management at Swiss Re. In this capacity, I am responsible for a group of accounts in the personal accident reinsurance area.

2. I make this declaration in opposition to Defendant Aon Re, Inc.'s Motion to Stay Proceedings. I have personal knowledge of the facts stated in this declaration and, if called upon to do so, I could and would testify competently to these facts.

3. I received a Masters in Business Administration from Saint Francis College in 1988.

4. In January of 1987, I began working for Lincoln. Since that time, I was employed by Lincoln, either directly or by an affiliate within the Lincoln umbrella of companies, until I became employed by Swiss Re in December 2001.

5. In 1994, I was working in Lincoln's reinsurance division as the director of the risk assessment unit. In 1995, I was promoted to assistant vice president.

6. I first became involved with Lincoln's participation in the Unicover Occupational Accident Reinsurance Pool (the "Pool") in April of 1998 in my capacity as vice president of the risk assessment unit. In this position, I was responsible for conducting audits of the Pool. In July of 1999, after the Pool members had assumed direct control of the operations of the Pool from Unicover Managers, Inc. ("Unicover"), I became a member of the Operations Committee of the Pool and was responsible for the oversight and direction of the operations of Frontier General, the run-off manager for this business. I have served on the Operations Committee since I became a member in 1999. I am thus familiar with the operations of the Pool.

7. The maximum gross exposure assumed by the Pool members was $500,000 per occurrence. The Three-Year Whole Account provided $490,000 xs $10,000 reinsurance to the

1

Pool. This means that, according to its terms, the Three-Year Whole Account reinsured $490,000 of the Pool's $500,000 gross exposure per occurrence. The Pool members generally retained the first $10,000 of each loss for their own account. Thus, the Three-Year Whole Account provided retrocessional reinsurance protection for most of the Pool's gross exposure.

8. As a result of the award of the arbitration panel in the Three-Year Whole Account arbitration, the Pool members lost the retrocessional reinsurance protection provided by the Three-Year Whole Account for contracts bound or renewed by Unicover after August 31, 1998.

9. Despite losing the retrocessional reinsurance protection provided by the Three-Year Whole Account, the Pool members have continued to perform their reinsurance obligations to cedents of risks to the Pool.

10. To date, Lincoln has paid tens of millions of dollars that would have been reimbursed under the Three-Year Whole Account if it had not been partially rescinded. Lincoln expects to pay a substantial amount more to fulfill its share of the Pool's obligations to its reinsureds, most of which would have been reimbursed under the Three-Year Whole Account if it had not been partially rescinded.

\ \ \ \ \

2

11. The Pool generally pays its own reinsureds on a quarterly basis. As a result, each quarter Lincoln is presently obligated to pay out substantial sums of money–generally millions of dollars–for which it receives no retrocessional reinsurance reimbursement as a result of the partial rescission of the Three-Year Whole Account.

I declare under penalty of perjury under the laws of the United States and the State of Indiana and the State of Connecticut that the foregoing is true and correct and that this declaration was executed on October 22, 2003 in Fort Wayne, Indiana.

By: *Cheryl A. Rogers*
Cheryl A. Rogers

Signed in my presence this 22nd day of October, 2003.

*Amella K. Shade*
Amella K. Shade
Notary Public
State of Indiana
County of Allen
Expires: 10/3/07

SF\437497.4

3