UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

Plaintiff,

v.

AON RE, INC.

Defendant.

Civil Action No. 303 CV 905 RNC
**DECLARATION OF RICHARD MOONEY IN SUPPORT OF THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO STAY OF AON RE, INC.**

(October 24, 2003)

**ORAL ARGUMENT REQUESTED**

SF\437826.1

I, Richard J. Mooney, declare as follows.

1.     I am an attorney admitted to practice in the State of California, and admitted *pro hac vice* before this Court (bar number ct25231). I am associated with the law firm of Latham & Watkins LLP, counsel to Plaintiff The Lincoln National Life Insurance Company ("Lincoln") in this matter. I make this declaration in support of Lincoln's Opposition to the Motion to Stay of Aon Re, Inc. ("Aon"). I have personal knowledge of the facts stated in this declaration and, if called upon to do so, I could and would testify competently thereto.

2.     I have reviewed (without reading in detail) the transcripts of the hearing in the Three-Year Whole Account arbitration. That review confirmed that the hearing began on July 8, 2002 and continued through August 7, 2002. It further confirmed that during that period the arbitration panel heard testimony from 20 witnesses and received 584 exhibits.

3.     Attached hereto as Exhibit A is a true and correct copy of the complaint filed by Lincoln against Aon and Rattner in the United States District Court for the District of New Jersey on or about May 22, 2003.

4.     Attached hereto as Exhibit B is a true and correct copy of the complaint filed by Phoenix and Cologne against Aon, Rattner, and others in the United States District Court for the District of New Jersey on or about May 22, 2003.

5.     On or about May 22, 2003, Phoenix and Cologne demanded arbitration against Unicover.

6.     Attached hereto as Exhibit C is a true and correct copy of the complaint filed by ReliaStar against Aon, Rattner, and others in the Superior Court of New Jersey (Middlesex County) on or about May 22, 2003.

7.     On or about June 20, 2003, in response to the Phoenix and Cologne arbitrration demands, Unicover made a counter-demand for arbitration against Phoenix, Cologne, and ReliaStar.

1

SF\437826.1

8. On or about July 18, 2003, Unicover demanded arbitration against Lincoln in the same arbitration discussed in paragraphs 5 and 7.

9. On or about August 11, Lincoln served a counter-demand for arbitration on Unicover.

10. In the arbitration discussed in paragraphs 5, 7, 8, and 9, the parties have selected their respective party arbitrators, but no umpire has been no chosen; no position statements have been exchanged; no claims or defenses have been specified; no organizational meeting has taken place; and no discovery has been taken.

11. Attached hereto as Exhibit D is a true and correct copy of pages 1663-64 (and surrounding pages for context) of the deposition transcript of John Pallat from the Three-Year Whole Account arbitration.

12. I have reviewed (without reading in detail) the transcripts of the hearing in the Three-Year Whole Account arbitration. That review confirmed that Unicover witnesses John Pallat, Robert Wojtowicz, and Brian Cook testified at the hearing, and that Kenneth Griebell did not. I have further reviewed (without reading in detail) the transcripts of the depositions taken in the Three-Year Whole Account arbitration. That review confirmed that Kenneth Griebell gave deposition testimony during the arbitration.

13. Attached hereto as Exhibit E is a true and correct copy of a complaint filed by Sun Life Assurance Company, Phoenix Home Life Mutual Insurance Company, and American Phoenix Life and Reassurance Company against Aon in the Circuit Court of Cook County, Illinois, seeking the return of documents belonging to the plaintiffs relating to the Three-Year Whole Account arbitration and describing Aon's refusal to produce those documents over a four month period.

14. Attached hereto as Exhbit F is a true and correct copy of portions of a transcript of the January 11, 2001 hearing in the matter described in the preceding paragraph, including the presiding judge's characterization of Aon's conduct.

15. Attached hereto as Exhibit G is a true and correct copy of the report of a process server engaged during the course of the Three-Year Whole Account arbitration in an effort to secure the testimony of Aon executive Roger Smith.

16. Attached hereto as Exhibit H is a true and correct copy of page 6046 (and surrounding pages for context) of the hearing transcript in the Three-Year Whole Account arbitration (argument of counsel for one of the Retrocessionaires (Phoenix)).

17. Attached hereto as Exhibit I is a true and correct copy of page 3813 (and surrounding pages for context) of the hearing transcript in the Three-Year Whole Account arbitration (examination of Mr. Pallat by counsel for one of the Retrocessionaires (Phoenix)).

I declare under penalty of perjury under the laws of the United States and the State of California and the State of Connecticut that the foregoing is true and correct and this declaration was executed on October 23, 2003 in San Francisco, California.

*[signature]*
Richard J. Mooney