# TO BE PROVIDED PROMPTLY UPON SHORTLY-ANTICIPATED RESOLUTION OF PROTECTIVE ORDER ISSUE

AUG-14-2003 THU 05:50 PM                    FAX NO.                    P. 04
08/07/2003 12:49 FAX  860 527 4198    EDWARDS & ANCELL    ᵔ PROVIDENCE1    ᵔᵔ 004/008

OCT-01-1999  17:19    BRKPN

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |  |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, a Canadian Corporation, PHOENIX HOME LIFE MUTUAL INSURANCE COMPANY, a New York Corporation, and AMERICAN PHOENIX LIFE AND REASSURANCE COMPANY, a Connecticut Corporation, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.    99CH14112 |
| vs. | ) ) | |
| AON RE, INC., an Illinois corporation, | ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Sun Life Assurance Company of Canada ("Sun Life"), Phoenix Home Life Mutual Insurance Company ("Phoenix Home") and American Phoenix Life and Reassurance Company ("American Phoenix") hereby allege for their complaint against defendant Aon Re, Inc. ("Aon") as follows:

### INTRODUCTION

1.    Defendant Aon served as agent and intermediary broker for plaintiffs Sun Life, Phoenix Home and American Phoenix in connection with a major reinsurance program. In the course of performing its work for plaintiffs, Aon created and/or maintained various documents relating to the reinsurance contracts entered into on plaintiffs' behalf. Sun Life, Phoenix Home and American Phoenix have repeatedly asked Aon for access to these documents, which legally belong to Sun Life, Phoenix Home and American Phoenix. Aon has ignored these requests. In so doing, Aon has disregarded its contractual, fiduciary and statutory obligations.

CHI_1.DOC

AUG-14-2003 THU 05:51 PM                          FAX NO.                              P. 05
08/07/2003 12:49 FAX  860 527 4198        EDWARDS & ANGELL        → PROVIDENCE1        @000/000

OCT-01-1999  17:19        BFKPN

Therefore, Sun Life, Phoenix Home and American Phoenix seek relief in this complaint allowing them to obtain copies of the documents.

## PARTIES

2.    Plaintiff Sun Life is an insurance company organized and existing under the laws of the country of Canada with its principal place of business at Sun Life Tower, 150 King Street West, Toronto, Ontario, CANADA.

3.    Plaintiff Phoenix Home is an insurance company organized and existing pursuant to the laws of the State of New York with its principal place of business at 1 American Row, Hartford, Connecticut.

4.    Plaintiff American Phoenix is an insurance company organized and existing pursuant to the laws of the State of Connecticut with its principal place of business at 100 Bright Meadow Boulevard, Enfield, Connecticut.  American Phoenix is a wholly-owned subsidiary of Phoenix Home.  American Phoenix and Phoenix Home will be referred to collectively hereinafter as "Phoenix."

5.    Defendant Aon is a corporation organized and existing under the laws of the State of Illinois with its principal place of business at 123 North Wacker Drive, Chicago, Illinois.  Aon is engaged in the business, *inter alia*, of acting as an insurance and reinsurance intermediary broker in Illinois and elsewhere.

## FACTS

A.    **Aon's Role In The Placement Of
      Reinsurance For Sun Life And Phoenix.**

6.    This action involves the reinsurance business.  Reinsurance is a transaction whereby an insurance or reinsurance company (known as the "reinsurer"), in exchange for

2

6x01_2.DOC

AUG-14-2003 THU 05:51 PM                              FAX NO.                        P. 06
08/07/2003 12:49 FAX  860 527 4198      EDWARDS & ANGELL      → PROVIDENCE1      @ 006/030

OCT-01-1998  17:19        BFKPN

premium, agrees to indemnify or reimburse another insurance or reinsurance company (known as the "ceding company," "cedent" or "reinsured") against all or part of a loss that the ceding company may sustain under insurance policies the ceding company has issued. A reinsurer may further reinsure its risk with another reinsurer. The ceding company in such situations is called the "retrocedent" and the reinsurer who receives the premium and assumes risk from the retrocedent is called the "retrocessionaire."

7.  Reinsurance arrangements are common among insurers. By purchasing reinsurance -- by "ceding" part of the risk — insurers may write risks beyond their capital capacity and can spread the concentration of risk.

8.  Reinsurance is commonly marketed through an intermediary which locates reinsurance for all or part of the cedent's book of business. The intermediary typically handles all dealings between a ceding company and a reinsurer, or between a retrocedent and a retrocessionaire. Although the intermediary is not a party to the reinsurance contract, its proper handling of funds and transmittal of information is crucial to the transaction of business between the seller and the buyer of insurance.

9.  In October 1996, Phoenix and Sun Life authorized Centaur Underwriting Management Limited ("Centaur") to act as Phoenix's and Sun Life's underwriting agent for the purpose of entering into reinsurance agreements on their behalf. Sun Life and Phoenix, acting through Centaur, entered into various agreements pursuant to which Sun Life and Phoenix acted as reinsurers for other insurance companies ("inward contracts") and other agreements pursuant to which Phoenix and Sun Life were in turn, reinsured by other companies ("outward contacts") (collectively, these inward and outward contracts are referred to herein as the "Agreements.")

3

KMF1_1.DOC

AUG-14-2003 THU 05:52 PM RNC                    FAX NO.                    P. 07
08/07/2003 12:50 FAX  860 527 4198      EDWARDS & ANGELL      → PROVIDENCE1      @007/000

OCT-01-1999  17:19        BFKPN

10.   Aon acted as a broker and/or intermediary in the placement of certain of the Agreements and received commissions for its role in placing those Agreements.

11.   In assisting with the placement of outward contracts for Sun Life and Phoenix, Aon undertook all the obligations of an agent for Sun Life and Phoenix, as that term is used in the custom and trade of the industry. In the case of both the inward and outward contracts, Aon was obligated as well to meet the requirements of Illinois' Reinsurance Intermediary Act as it relates to intermediary brokers, and a common law duty of care. These requirements and duties included the obligation to maintain and make available documents relating to its activities. In return, Aon received commissions for its services.

12.   The accounts and records generated or maintained by Aon in the course of its activities for or with respect to Sun Life and Phoenix relate to tens of millions of dollars of reinsurance contracts involving Sun Life and Phoenix. These accounts and records are the property of Sun Life and Phoenix to which Aon owes a contractual and fiduciary duty as their agent, and a common law duty of care. By statute, Aon is obligated to preserve, and give Sun Life and Phoenix access to, these accounts and records. Those accounts and records are vital to Sun Life's and Phoenix's evaluation of their business position and their rights and risks in connection with the reinsurance contracts.

B.   Aon's Refusal To Permit Sun Life Access To The Accounts And Records.

13.   Sun Life has on several occasions made both oral and written requests of Aon to be allowed access to and review of the accounts and records relating to Aon's activities in connection with the Agreements. Although obligated by contract, fiduciary duty, common law duty and/or statute to provide access, Aon has either refused or ignored each of these requests.

4

AUG-14-2003 THU 05:52 PM                          FAX NO.                    P. 08
08/07/2003 12:50 FAX  880 527 4198      EDWARDS & ANGELL      → PROVIDENCE1         @008/006

OCT-01-1999  17:28          BSKPN

14.    On May 25, 1999, Robin Fitzgerald, Vice-President and General Manager of Sun Life, sent a letter to Roger Smith, Managing Director of Accident and Health at Aon, requesting permission to review the Aon/Sun Life accounts and records. (A copy of Ms. Fitzgerald's letter dated May 25, 1999 is attached hereto as Exhibit 1). On May 28, 1999, Mr. Smith forwarded Sun Life's request to Aon's Senior Counsel, Jerome S. Hanner. (A copy of Mr. Smith's letter dated May 28, 1999 is attached hereto as Exhibit 2). Neither Mr. Smith nor Mr. Hanner thereafter responded to Sun Life.

15.    On June 7, 1999, Ms. Fitzgerald followed up with a letter to Mr. Smith asking for a progress report on Sun Life's request to access the Aon/Sun Life accounts and records. (A copy of Ms. Fitzgerald's letter dated June 7, 1999 is attached hereto as Exhibit 3). Ms. Fitzgerald again received no response.

16.    On June 22, 1999, Ms. Fitzgerald sent a letter to Mr. Smith, following up on a voice mail message she had left him the day before and requesting that the accounts and records be made available on a day the following week. Again, Ms. Fitzgerald received no response. (A copy of Ms. Fitzgerald's letter dated June 22, 1999 is attached hereto as Exhibit 4.)

17.    Thereafter, Brian E. Williams, Assistant Vice President and Associate General Counsel for Sun Life, sent a letter dated June 29, 1999 to Mr. Hanner, outlining Sun Life's request to review Aon's Sun Life accounts and records and demanding access to those accounts and records. (A copy of Mr. William's letter dated June 29, 1999 is attached hereto as Exhibit 5). Again, no response was received.

18.    On July 6, 1999, Ms. Fitzgerald sent a letter to Michael Bungert, CEO and President of Aon, in which she described Sun Life's numerous requests for access to the

5

GST_1.DOC

AUG-14-2003 THU 05:53 PM                                              FAX NO.                                           P. 09
08/07/2003 12:50 FAX   860 527 4198              EDWARDS & ANGELL            PROVIDENCE                          P.07/12

OCT-01-1999  17:20              BFKPH

Aon/Sun Life accounts and records, as well as Aon's failure to grant such access, and once
again requested that Aon allow access to and review of the accounts and records. Mr. Bungert
did not reply. (A copy of Ms. Fitzgerald's letter dated July 6, 1999 is attached hereto as
Exhibit 6.)

    19.    On August 31, 1999, Ms. Fitzgerald wrote again to Mr. Smith setting a
deadline for compliance of September 10, 1999, after which the matter would be referred for
legal action. (A copy of Ms. Fitzgerald's letter dated August 31, 1999 is attached hereto as
Exhibit 7.) On September 23, 1999, counsel for Sun Life notified Aon that a further refusal
would be deemed a breach of Aon's contractual, fiduciary and statutory obligations. (A copy
of counsel's letter dated September 23, 1999 is attached hereto as Exhibit 8.) Aon responded
with a letter dated September 23, 1999 in which it continues to refuse to allow Sun Life access
to and review of the Aon/Sun Life accounts and records. (A copy of Aon's letter dated
September 23, 1999 is attached hereto as Exhibit 9.)

C.    Aon's Refusal To Permit Phoenix Access To The Accounts And Records.

    20.    Phoenix has on several occasions made both oral and written requests of Aon to
be allowed access to and review of the accounts and records relating to Aon's activities in
connection with the Agreements. Although obligated by contract, fiduciary duty and/or statute
to provide access, Aon has only produced a meager portion of the accounts and records and
refused to produce the bulk of the accounts and records requested by Phoenix. .

    21.    In response to Phoenix's request for access to review all the applicable accounts
and records, Roger Smith of Aon sent a letter dated March 11, 1999 to John Cackett at
Centaur. (A copy of Mr. Smith's letter dated March 11, 1999 is attached hereto as Exhibit
10.) In this letter, Aon took the position that it had no direct relationship with Phoenix and

6

4e2d_3.DOC

AUG-14-2003 THU 05:53 PM                    FAX NO.                    P. 10
08/07/2003 12:50 FAX  860 527 4198        EDWARDS & ANGELL        → PROVIDENCE

OCT-01-1999  17:20        BFKPN

that all of its files belonged to Aon. Aon stated that it would only produce, with Centaur's

consent, copies of retrocessional placement slips and contract wordings where Centaur was the

retrocedent.

22.    On March 18, 1999, representatives of Phoenix traveled to Aon's offices to

review the accounts and records. At that time, Aon produced to Phoenix only a small fraction

of the documents that Phoenix requested.

23.    On March 29, 1999, Frederick Sawyer, Senior Vice President of Phoenix, sent

a letter to Roger Smith of Aon demanding that Aon produce all requested records to Phoenix.

(A copy of Mr. Sawyer's letter dated March 29, 1999 is attached hereto as Exhibit 11.) In

this letter, Mr. Sawyer stated that Phoenix had a right to review all accounts and records

relating to Centaur, not just the ones mentioned by Aon in its March 11, 1999 letter. In the

letter, Phoenix reiterated its demand to review all the accounts and records in Aon's

possession relating to the Agreements.

24.    Since March 29, 1999, Aon has steadfastly refused to produce any more of the

accounts and records requested by Phoenix.

25.    On September 29, 1999, counsel for both Sun Life and Phoenix notified Aon

that he represented both Sun Life and Phoenix and demanded, once again, access to the

accounts and records. (A copy of that letter dated September 29, 1999, is attached hereto as

Exhibit 12.) Aon ignored that letter.

## COUNT I

### (Declaratory Judgment)

26.    Sun Life realleges and incorporates herein by reference paragraphs 1 through 25

above.

7

AUG-14-2003 THU 05:53 PM                              FAX NO.                              P. 11
08/07/2003 12:30 FAX  860 527 4198        EDWARDS & ANGELL      ¬ PROVIDENCE|

OCT-01-1999  17:28        BFKPN

27.  Aon owes Sun Life duties — statutory, contractual, fiduciary and common law — in connection with Aon's brokering the Agreements for Sun Life. These duties include the duty to provide a right of access to and copying of accounts and records generated and/or maintained by Aon when serving as intermediary broker on Sun Life's behalf. Apparently, Aon believes it has no such duties or obligations, as it has shown by its repeated refusals to allow Sun Life access to the accounts and records. Accordingly, an actual controversy exists, and the Court should declare and issue an order stating the parties' rights and obligations in this regard.

WHEREFORE, plaintiff Sun Life respectfully requests that the Court:

A.  Enter a declaratory judgment order obligating Aon to give Sun Life access to the accounts and records relating to the Agreements that are within Aon's possession or control for the purpose of reviewing, auditing and/or copying the same.

B.  Award Sun Life such other relief as this Court may deem just and necessary.

## COUNT II

### (Declaratory Judgment)

28.  Phoenix realleges and incorporates herein by reference paragraphs 1 through 27 above.

29.  Aon owes Phoenix duties — statutory, contractual, fiduciary and common law — in connection with Aon's brokering the Agreements for Phoenix. These duties include the duty to provide a right of access to and copying of accounts and records generated and/or maintained by Aon when serving as intermediary broker on Phoenix's behalf. Apparently, Aon believes it has no such duties or obligations, as it has shown by its repeated refusals to

8

4961,2.DOC

AUG-14-2003 THU 05:54 PM RNC                    FAX NO.                          P. 12
08/07/2003 12:50 FAX  860 527 4198        EDWARDS & ANGELL      → PROVIDENCE       

OCT-01-1999  17:20        BFKPN

allow Phoenix access to the accounts and records. Accordingly, an actual controversy exists, and the Court should declare and issue an order stating the parties' rights and obligations in this regard.

WHEREFORE, plaintiff Phoenix respectfully requests that the Court:

A.    Enter a declaratory judgment order obligating Aon to give Phoenix access to the accounts and records relating to the Agreements that are within Aon's possession or control for the purpose of reviewing, auditing and/or copying the same.

B.    Award Phoenix such other relief as this Court may deem just and necessary.

## COUNT III

### (Violation of Illinois Statute)

30.    Sun Life realleges and incorporates herein by reference paragraphs 1 through 29 above.

31.    Aon acted as a reinsurance intermediary broker for Sun Life, as that term is defined within the Illinois Reinsurance Intermediary Act, 215 ILCS 100/5. As such, Aon is required to keep complete accounts and records for each transaction on behalf of Sun Life and, further, to allow Sun Life access to those accounts and records to review, audit and/or copy. 215 ILCS 100/20.

32.    Aon's refusal to allow Sun Life access to accounts and records in Aon's possession or control, which were generated or maintained while Aon acted as Sun Life's agent and reinsurance intermediary broker in negotiating and procuring reinsurance contracts on Sun Life's behalf, is a violation of the Illinois Reinsurance Intermediary Act, 215 ILCS 100/20.

9

AUG-14-2003 THU 05:54 PM
08/07/2003 12:51 FAX  860 527 4198    EDWARDS & ANGELL    → PROVIDENCE    FAX NO.    P. 13

OCT-01-1999  17:21    BFKPN

WHEREFORE, plaintiff Sun Life respectfully requests that this Court:

A.      Enter an injunction order directing Aon Re, Inc. to comply with the Illinois Reinsurance Intermediary Act by granting Sun Life access to any and all accounts and records in its possession or control relating to the Agreements.

B.      Awarding such other relief as the Court may deem just and proper.

## COUNT IV

### (Violation of Illinois Statute)

33.     Phoenix realleges and incorporates herein by reference paragraphs 1 through 32 above.

34.     Aon acted as a reinsurance intermediary broker for Phoenix, as that term is defined within the Illinois Reinsurance Intermediary Act, 215 ILCS 100/5. As such, Aon is required to keep complete accounts and records for each transaction on behalf of Phoenix and, further, to allow Phoenix access to those accounts and records to review, audit and/or copy. 215 ILCS 100/20.

35.     Aon's refusal to allow Phoenix access to accounts and records in Aon's possession or control, which were generated or maintained while Aon acted as Phoenix's agent and reinsurance intermediary broker in negotiating and procuring reinsurance contracts on Phoenix's behalf, is a violation of the Illinois Reinsurance Intermediary Act, 215 ILCS 100/20.

WHEREFORE, plaintiff Phoenix respectfully requests that this Court:

A.      Enter an injunction order directing Aon Re, Inc. to comply with the Illinois Reinsurance Intermediary Act by granting Phoenix access to any and all accounts and records in its possession or control relating to the Agreements.

10

CMP_1.DOC

AUG-14-2003 THU 05:55 PM                                    FAX NO.                          P. 14
08/07/2003 12:51 FAX  800 527 4198         EDWARDS & ANGELL                            P.12/12

OCT-01-1999  17:21          BFKPN

B.      Awarding such other relief as the Court may deem just and proper.

Dated: October 1, 1999                  Respectfully submitted,

                                        SUN LIFE ASSURANCE COMPANY OF
                                        CANADA, PHOENIX HOME LIFE MUTUAL
                                        INSURANCE COMPANY and AMERICAN
                                        PHOENIX LIFE AND REASSURANCE
                                        COMPANY


                                        By: W. Scott Porterfield
                                            W. Scott Porterfield
                                            One of their attorneys.

Robert E. Shapiro
W. Scott Porterfield
BARACK FERRAZZANO KIRSCHBAUM PERLMAN & NAGELBERG
333 West Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 984-3100
Atty. No. 34610

AMT_3.DOC

11

F

1

1    IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

2    COUNTY DEPARTMENT - CHANCERY DIVISION

3

4   SUN LIFE ASSURANCE COMPANY OF    )

5   CANADA, a Canadian corporation,  )

6   PHOENIX HOME LIFE MUTUAL         )

7   INSURANCE COMPANY, a New York    )

8   corporation, and AMERICAN PHOENIX )

9   LIFE AND REASSURANCE COMPANY, a   )

10  Connecticut corporation,          )

11        Plaintiffs,   )

12     vs.              ) No. 99 CH 14112

13  AON RE, INC., an Illinois         )

14  corporation,                      )

15        Defendant.    )

16

17

18

19        TRANSCRIPT OF PROCEEDINGS had in the

20  above-entitled cause on the 11th day of January,

21  2001, at 11:55 a.m.

22

23

24  BEFORE: HONORABLE SIDNEY A. JONES, III.

ls

52

1        In Professco Corporation versus Denn at

2    196 Illinois Appellate 3d 127, Page 131, the Court

3    held that a $100 a day fine was just against a

4    noncomplying party where the total case value was

5    less than $2400.

6        Underlying this whole matter is the

7    Allianz case --

8        MR. SHAPIRO: A-H --

9        THE COURT: -- A-l-l-i-a-n-z, Allianz Life

10   Insurance Company of North America versus American

11   Phoenix Life and others, including Sun Life

12   Assurance Company and Aon Re, Incorporated, pending

13   in the United States District Court for the District

14   of Minnesota.

15       Apparently that matter is presently

16   stayed. Apparently the participants in that matter

17   are locked in many proceedings in many locations

18   between Maine and Miami and New York and California,

19   and Nebraska and Alaska, perhaps.

20       And the Court is not -- although the

21   Court is not to base its decisions on matters that

22   are not before it, the Court need not put on

23   blinders, either. And it's perfectly obvious that

24   what is motivating this plaintiff in this case is to

Is

53

1   get materials that are going to be relevant in all

2   of those myriad matters.  That is conduct which the

3   plaintiff is entitled to engage in.

4          In the context of the District Court

5   case, Aon was the agent of both Centaur, which is an

6   offshore underwriting management company which

7   provided underwriting management for the defendant

8   insurance companies, and Aon was also the agent of

9   the defendant insurance companies.

10         From the moment this matter was filed,

11  Sun Life was entitled to ask and the only thing that

12  Aon had to do was produce, period, end of

13  discussion.  There was no confusion.

14         When the Court considers this matter, it

15  considers -- there are a number of phrases that come

16  to the Court's mind, acute calcification of the

17  cranium being one of them.  That means hard-headed.

18  Other words that are more recognized by lawyers come

19  to mind, such as obstreperous, intransigence,

20  defiance, denial, misleading, frivolous, misconduct,

21  false, those kinds of things.

22         Almost from the moment that this matter

23  began and came to the Court's attention it was clear

24  to the Court that the defendant was engaging in

is

AUG-14-2003 THU 06:10 PM   EDWARDS & ANGELL      FAX NO. 4012766611          P. 20
08/07/2003 12:58 FAX  860 527 4198       EDWARDS & ANGELL.      → PROVIDENCE1

54

1  every perceived procedural ploy that it thought it

2  could avail itself of, totally in an effort to

3  frustrate and make difficult the acquisition of

4  materials to which the plaintiff had a clear,

5  absolute right.

6      And I started off this discussion by

7  discussing the case in which $100 would have been

8  appropriate or was found to be appropriate in a

9  $2400 case.

10      And having familiarized myself with the

11  Allianz case as much as I could, the figure

12  $68 million appeared in there somewhere. And the

13  Court was contemplating a daily sanction of

14  somewhere between 100,000 and $1 million a day had

15  the defendant persisted in its obstruction of

16  turnover of documents. That would have been a

17  penalty.

18      I have made it clear at some point in the

19  case to counsel prior to Ms. Stone having gotten

20  involved that this Court was not into token daily

21  penalties, this Court was not going to enter a $100

22  a day fine or even a $100 fine, the fine was going

23  to be substantial, and the Court still had not made

24  up its mind whether it was going to be a six-figure

is

05/31/2002 17:23 FAX                                                    ☑003/015



# JOSEPH P. MAHR INVESTIGATIONS

120 EAST OGDEN AVENUE
SUITE 12
HINSDALE, ILLINOIS 60521

PHONE:  630-325-0505
MOBILE:  630-520-5143
FAX:      630-325-9499

May 22, 2002

Cadwalader, Wickersham & Taft
Attorneys at Law
100 Maiden Lane
New York, NY  10038

Attention:  Carla Spivack

Re:  Sun Life Assurance Company of Canada,
et al. v. Connecticut General Life Ins.
Co., et al.

Dear Ms. Spivack:

I have been attempting to serve the Summons for Deposition on Roger K. Smith
since April 27th. He had, as you know, returned my call to his office phone,
312-381-5343, from London, indicating that he was out of town but would be
returning shortly. It was believed that he was coming back to the states the
week of the 29th of April, but when attempted service at AON found the company
preventing access to his office floor and calls no more answered and no response
to messages left, I did a rush Faces of the Nation address verification search
and the enclosed National Dossier on Mr. Smith to confirm his residence, hoping
to be able to serve him at his home, if not his office.

Subsequently, additional service attempts at AON, as well as service attempts
at his home, proved unproductive, including a stake out on May 9th, 2002,
starting at 5:30 a.m. While the subject's wife and housekeeper were observed,
he was not. The African American cleaning woman was interviewed after
Christine Smith left the premises, and indicated that Mr. Smith was not home,
and from talking to various people at AON, I believe Mr. Smith was actually staying
out of town, possibly in England, to evade the service. With heightened security
at AON, there is no way to get to him, and appeals to their Legal Department
got the response that they would not assist in the service or allow service to
be made at their office location. I also attempted to have someone intercede with
their Legal Department, but they have not been able to supposedly assist us,
as they do not represent him.

On May 10th, with time running out, and having provided copies of both the
Illinois Compiled Statute regarding obstructing service, and the Illinois Supreme
Court Rules about complying with Subpoenas, John had on the 11th of May,
left the Summons for Deposition and deposition fee with Christine Smith, who
refused to take it in her hand, reminding her of the previously provided papers

Ms. Spivack
Page 2
May 22, 2002

regarding obstructing and compelling powers.

I am enclosing the material that I had obtained showing the Winnetka address to be his residence and, pursuant to Jeff Burman's request, we will be endeavoring again to serve Smith at his residence by placing it under surveillance without attempting to either serve him at AON or calling his home to see if he is available, so as not to alert him as he had been previously alerted by the opposition attorneys.

I will call if and when service is made.

Very truly yours,

Joseph P. Mahr

JPM:ce
Encs.

05/31/2002 17:23 FAX                                                  ☑005/015

From: "Ray R.
Date: Tue, 30 Apr 2002 11:57:30 -0700
To:   "JPM"


        Report Plus Associates
Compiled on 4/30/2002 at 12:19PM
Reference: None Entered
User-Supplied Information
  Last Name: SMITH
  First Name: ROGER
  Middle Initial: K
  SSN: 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
  Address 1: 1314 SCOTT AVE
     WINNETKA, IL 60093

ROGER K SMITH DOB: FEB 28, 1963
  SSN 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

Possible Driver Licenses
  SMITH, ROGER K
  DL: S53073163059 issued in Illinois on 01/22/1997 expires 02/28/2001
  DOB: 02/28/1963      Height:
  990 N LAKE SHORE DR   CHICAGO, IL 60611

Possible Addresses Associated with Subject
  DEC-1994/JAN-2002 - 1314 SCOTT AVE (847) 943-5727
  WINNETKA, IL 60093
  MAR-1996/JUL-2001 - 25 E DELAWARE PL
  CHICAGO, IL 60611
  JUL-2001/JUL-2001 - 990 N LAKESHORE DR (312) 943-5727
  CHICAGO, IL 60611
  SEP-1996/NOV-2000 - 1817 N HALSTED ST
  CHICAGO, IL 60614
  JUN-1997/AUG-1999 - 1730 N CLARK ST 2402
  CHICAGO, IL 60614
  AUG-1999/AUG-1999 - 1730 N CLARK ST
  CHICAGO, IL 60614
  JUN-1998/OCT-1998 - 900 N LAKE SHORE DR
  CHICAGO, IL 60611
  MAR-1998/MAR-1998 - 123 N WACKER DR
  CHICAGO, IL 60606
  SEP-1996/JUL-1997 - 990 NORTH LAKE SHORE DR 11C
  CHICAGO, IL 60611
  99 W LAKE ST
  CHICAGO, IL 60601
  990 N LAKE SHORE DR
  CHICAGO, IL 60611


Phone Listings for Subject's Addresses
  1314 SCOTT AVE WINNETKA, IL 60093
  BELL CHRISTINE (847) 446-6624
  SMITH ROGER (847) 446-6624
  25 E DELAWARE PL CHICAGO, IL 60611
  KROMELOW JACK A. (312) 943-7319
  NADYA NADYA (312) 642-6119
  DELAWARE TOWERS (312) 944-4245
  DELAWARE TOWERS (312) 943-7319
  1730 N CLARK ST 2402 CHICAGO, IL 60614
  504 phone numbers found, only first 10 listed.
  CHICAGO'S BEST ENTERTAINMENT (312) 642-1504
  INTERNATIONAL PREMIUM PRODUCTS (773) 549-5800
  LIGHTING DESIGN & SUPPLY (312) 266-8296
  PROFESSIONAL'S TRANSCRIPTION (312) 280-8973
  MARTHA'S VINEYARD (312) 943-4070
  DLB LTD (312) 951-1980
  TERRACE CLEANERS (312) 337-4778
  BEACON COMMUNICATIONS (312) 943-4158
  F & W (312) 397-1480

```
900 N LAKE SHORE DR CHICAGO, IL 60611
297 phone numbers found, only first 10 listed.
GOLD COAST CLEANERS (312) 787-3116
GARAGE 900-910 N LAKE SHORE (312) 944-0160
GARAGE 900-910 N LAKE SHORE (312) 944-0196
MARIANNE DESON (312) 266-1461
LAZAR MAURICE (312) 337-3888
RAW ENERGY CORP (847) 298-9126
TRADERS GROUP INC (312) 787-7897
COM MAR FOUR (312) 943-2273
ROSNER GROUP (312) 642-9830
GOLD COAST CLEANERS (312) 787-3116
123 N WACKER DR CHICAGO, IL 60606
41 phone numbers found, only first 10 listed.
AON CONSULTING INC (312) 701-4800
AON CORPORATION (312) 701-3000
RYAN WARRANTY SVC INC (312) 701-3700
BRIDGE COMBINED INSURANCE (312) 368-1535
AU BON PAIN (312) 419-5165
AU BON PAIN (312) 419-5165
VIRGINIA SURETY CO (312) 701-4670
VIRGINIA SURETY CO (312) 701-4910
PRENTISS PROPERTIES LTD (312) 236-0820
AON CONSULTING (312) 701-4800
990 NORTH LAKE SHORE DR 11C CHICAGO, IL 60611
139 phone numbers found, only same last name considered.
SMITH THOMAS (312) 944-1324
```

```
Possible Relatives (* denotes match with one of Subject's addresses)

(R- 1) SMITH, RICHARD G JR DOB: MAY 05, 1979

   SEP 1996/SEP 1996 - *1817 N HALSTED ST
   CHICAGO, IL 60614

(R- 2) SMITH, CHRISTINE A DOB: OCT 1963
   SSN 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

   Possible AKA: CHRISTINE A BELL SSN: 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
   Possible AKA: C H SMITH

   OCT 1999/OCT 2001 - *1314 SCOTT AVE (847) 943-5727
   WINNETKA, IL 60093
   JUL 2001/JUL 2001 - *990 N LAKESHORE DR (312) 943-5727
   CHICAGO, IL 60611
   JUL 2001/JUL 2001 - *25 E DELAWARE PL
   CHICAGO, IL 60611
   AUG 1997/NOV 2000 - *1817 N HALSTED ST (312) 944-6906
   CHICAGO, IL 60614
   JUN 1997/SEP 2000 - *1730 N CLARK ST 2402
   CHICAGO, IL 60614
   FEB 1986/FEB 1986 - 20 DUBOIS AVE
   VALLEY STREAM, NY 11581
   2 WORLD TRADE CN
   NEW YORK, NY 10048

(R- 3) SMITH, LILLIAN DOB: SEP 04, 1924
   SSN 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

   Possible AKA: LILLIAN W MORGAN SSN: 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
   Possible AKA: LILLIAN M SMITH SSN: 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
   Possible AKA: LILLIAN WARD SMITH SSN: 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

   JUL 1999/DEC 2001 - 500 S EDWARDS BLVD 3 (262) 249-9986
   LAKE GENEVA, WI 53147
   JUL 2001/JUL 2001 - 2144 N LINCOLN PA (312) 248-3274
   CHICAGO, IL 60614
   JUL 2001/JUL 2001 - 253 E DELAWARE PL
   CHICAGO, IL 60611
   AUG 1992/JUL 2001 - 1360 N LAKE SHORE DR
   CHICAGO, IL 60610
```

```
MAY 2001/MAY 2001 - 500 S EDWARDS BLVD
LAKE GENEVA, WI 53147
APR 2000/APR 2000 - 500 S EDWARDS BLVD 31 (262) 248-3274
LAKE GENEVA, WI 53147
JUN 1998/JUN 1998 - 3 UNIT
LAKE GENEVA, WI 53147
MAR 1998/APR 1998 - *25 E DELAWARE PL
CHICAGO, IL 60611
FEB 1998/FEB 1998 - 24 E DELAWARE PL
CHICAGO, IL 60611
FEB 1998/FEB 1998 - 24 E DELAWARE (312) 248-3274
CHICAGO, IL 60611
JUN 1995/JUN 1995 - 500 S EDWARDS BLVD 1
LAKE GENEVA, WI 53147
MAR 1993/MAR 1993 - 1360 LAKE SHORE DR
CHICAGO, IL 60610
APR 1987/APR 1987 - 2144 N LINCOLN WEST PK
CHICAGO, IL 60614
2144 N LINCOLN WEST
CHICAGO, IL 60614
2020 LINCOLNPARK
CHICAGO, IL 60614
1360 LAKESHORE DR
CHICAGO, IL 60610
1360 LAKE SHORE DR 813
CHICAGO, IL 60610
1127 S OLD WILKIE RD
ARLINGTON HEIGH, IL 60005
508 S EDWARDS BLVD
LAKE GENEVA, WI 53147
50 S EDWARDS BLVD (262) 248-3274
LAKE GENEVA, WI 53147

(R- 4) SMITH, STACEY L DOB: JAN 01, 1971
   SSN 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

   Possible AKA: STACEY SMITH SSN: 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
   Possible AKA: S K SMITH SSN: 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
   Possible AKA: S D SMITH

   APR 2000/AUG 2001 - 1196 ASHFORD LN (859) 380-6298
   LEXINGTON, KY 40515
   AUG 2001/AUG 2001 -
   BOARDMAN, OH 44512
   SEP 1999/JUL 2001 - 317 SHORESIDE DR (859) 885-9382
   LEXINGTON, KY 40515
   AUG 2000/JUL 2001 - 3170 MAPLELEAF DR 305
   LEXINGTON, KY 40509
   JAN 2001/MAY 2001 - 1424 SUMMER RIDGE DR J
   KALAMAZOO, MI 49009
   MAY 2001/MAY 2001 - 58221 BENJAMIN AVE
   ELKHART, IN 46517
   DEC 2000/DEC 2000 - 58221 BENHAM AVE (574) 312-9900
   ELKHART, IN 46517
   NOV 2000/NOV 2000 - 25 E DELAWARE PL 1603
   CHICAGO, IL 60611
   NOV 2000/NOV 2000 - 285 ROSEMONT GDN
   LEXINGTON, KY 40503
   OCT 1999/OCT 1999 - 15441 SW 115TH TER
   MIAMI, FL 33196
   JUN 1993/JUN 1993 - 700 NURSERY RD (765) 643-3678
   ANDERSON, IN 46012
   DEC 1992/DEC 1992 - 58221 BENHAM
   ELKHART, IN 46517
   118 S 15TH ST
   MIDDLETOWN, IN 47356
   58224 BENHAM AVE
   ELKHART, IN 46517
   591 LAKEVIEW DR
   NOBLESVILLE, IN 46060
   PO BOX 613
```

05/31/2002 17:24 FAX                                                        ☑008/015

```
ANDERSON, IN 46015
3170 MAPLELEAF DR
LEXINGTON, KY 40509
201 ORCHARD DR 115 (859) 885-9382
NICHOLASVILLE, KY 40356

(R- 5) SMITH, THOMAS F DOB: DEC 13, 1954
    SSN 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

    Possible AKA: THOMAS E SMITH SSN: 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

MAR 2001/MAR 2001 - 990 N NORTH LAKE SHORE DR 15D
CHICAGO, IL 60611
APR 1993/NOV 2000 - 1242 ASHLAND AVE (708) 944-1324
RIVER FOREST, IL 60305
OCT 1995/OCT 1995 - 247 E CHESTNUT ST
CHICAGO, IL 60611
MAY 1995/JUL 1995 - 990 N LAKE SHORE DR 15D
CHICAGO, IL 60611
JUL 1995/JUL 1995 - *990 N LAKE SHORE DR
CHICAGO, IL 60611
JUN 1995/JUN 1995 - 990 N LAKESHORE DR 1SD (312) 944-1324
CHICAGO, IL 60611
JUN 1994/JUL 1994 - 247 E CHESTNUT ST 801
CHICAGO, IL 60611
JUN 1994/JUN 1994 - 247 CHESTNUT 801
CHICAGO, IL 60611
MAR 1994/MAR 1994 - 1904 N NEWCASTLE AVE
CHICAGO, IL 60707
MAR 1994/MAR 1994 - 517 THOMAS AVE
FOREST PARK, IL 60130
DEC 1984/DEC 1984 - 512 S CLARENCE (708) 386-6351
OAK PARK, IL 60304
1904 N NATOMA AVE
CHICAGO, IL 60707
940 NORTH LAKE SHORE DR
CHICAGO, IL 60611
1242 N ASHLAND (708) 386-6351
RIVER FOREST, IL 60305
935 S THOMAS
FOREST PARK, IL 60130
```

AutoTrack Home   Feedback   Results Manager   New Search   Sign Off   Help/Support   Permissible Use   Refere

Search Results          **Click on Name for Detail**



# Faces of the Nation ®

## Street Address, Zip Search Based on: 1314 SCOTT AVE, 60093

| Page Up |
44 exact matches, 44 match on first 19 characters

| Name | Address | DOB | Age | SSN | Phone | Reported |
|------|---------|-----|-----|-----|-------|----------|
| BROWN, PAULA E | 1314 S FOREST GLEN DR WINNETKA IL 60093 | | | 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 | (847)946-2620 | 05/01/1998 |
| ✓ BELL, CHRISTINE A | 1314 SCOTT AVE WINNETKA IL 60093 | | | 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 | | 01/01/2000 |
| ✓ SMITH, ROGER | 1314 SCOTT AVE WINNETKA IL 60093 | | | | | 01/01/2000 |
| ✓ SMITH, ROGER K | 1314 SCOTT AVE WINNETKA IL 60093 | | | | (847)446-6624 | 12/16/1994 |
| ✓ BELL, CHRISTINE A | 1314 SCOTT AVE WINNETKA IL 60093 | | | | (847)446-6624 | 12/16/1994 |
| ✓ BELL, CHRISTINE A | 1314 SCOTT AVE WINNETKA IL 60093 | | | 122-56-XXXX | | 05/14/2001 |
| ✓ SMITH, ROGER K | 1314 SCOTT AVE WINNETKA IL 60093 | | | 331-92-XXXX | | 05/14/2001 |
| ✓ SMITH, CHRISTINE A | 1314 SCOTT AVE WINNETKA IL 60093 | | | 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 | | 01/2001 |
| ✓ SMITH, ROGER K | 1314 SCOTT AVE WINNETKA IL 60093 | | | 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 | | 02/2000 |
| ✓ BELL, CHRISTINE A | 1314 SCOTT AVE WINNETKA IL 60093 | | | 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 | | 10/2001 |
| ✓ SMITH, CHRISTINE A | 1314 SCOTT AVE WINNETKA IL 60093 | | | 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 | | 05/2001 |
| ✓ SMITH, ROGER K | 1314 SCOTT AVE WINNETKA IL 60093 | | | 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 | | 02/2000 |
| ✓ PERKINS, JAMES P | 1314 SCOTT AV WINNETKA IL 60093 | | | 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 | (847)441-9015 | 07/01/1998 |
| ✓ BELL, CHRISTINE A | 1314 SCOTT AV WINNETKA IL 60093 | | | 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 | (847)943-5727 | 10/01/1999 |
| ✓ SMITH, ROGER K | 1314 SCOTT AV WINNETKA IL 60093 | | | 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 | (847)943-5727 | 10/01/1999 |

| Page Down |

05/31/2002 17:25 FAX                                                     ☑010/015

## Search Results              Click on Name for Detail

# Faces of the Nation®



## Street Address, Zip Search Based on: 1314 SCOTT AVE, 60093

Page Up

44 exact matches, 44 match on first 19 characters

| Name | Address | DOB | Age | SSN | Phone | Reported |
|------|---------|-----|-----|-----|-------|----------|
| ✓ ■ SMITH, ROGER K | 1314 SCOTT AV WINNETKA IL 60093 | | | 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 | (847)943-5727 | 10/01/1999 |
| ✓ ■ SMITH, CHRISTINE A | 1314 SCOTT AV WINNETKA IL 60093 | | | 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 | (847)943-5727 | 11/01/2000 |
| ✓ ■ PERKINS, JAMES P | 1314 SCOTT AV WINNETKA IL 60093 | 12/1939 | 62 | 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 | (847)441-9015 | |
| ✓ ■ REES, PENLEY P | 1314 SCOTT AV WINNETKA IL 60093 | 07/1934 | 67 | 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 | | |
| ✓ ■ PERKINS, JAMES P | 1314 SCOTT AV WINNETKA IL 60093 | 12/1939 | 62 | 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 | (847)441-9015 | 06/01/1993 |
| ✓ ■ PERKINS, SARAH S | 1314 SCOTT AV WINNETKA IL 60093 | 07/1947 | 54 | | | 05/01/1993 |
| ✓ ■ PERKINS, SARAH R | 1314 SCOTT AV WINNETKA IL 60093 | | | 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 | | 02/01/1993 |
| ✓ ■ KEVIN, PERKINS R | 1314 SCOTT AVE WINNETKA IL 60093 | | | | | |
| ✓ ■ PERKINS, JAMES P | 1314 SCOTT AVE WINNETKA IL 60093 | 12/1939 | 62 | 340-32-XXXX | | 07/1998 |
| ✓ ■ PERKINS, SARAH S | 1314 SCOTT AVE WINNETKA IL 60093 | 07/1947 | 54 | 348-40-XXXX | | 07/1998 |
| ✓ ■ PERKINS, BRIAN P | 1314 SCOTT AVE WINNETKA IL 60093 | 04/1978 | 24 | 337-82-XXXX | | 07/1998 |
| ✓ ■ PERKINS, KEVIN M | 1314 SCOTT AVE WINNETKA IL 60093 | 04/1980 | 22 | | | 07/1998 |
| ✓ ■ PERKINS, QUINN | 1314 SCOTT AVE WINNETKA IL 60093 | | | | | 07/1998 |
| ✓ ■ PERKINS, BRIAN P | 1314 SCOTT AVE WINNETKA IL 60093 | | | 337-82-XXXX | | 07/1998 |
| ✓ ■ PERKINS, JAMES P | 1314 SCOTT AVE WINNETKA IL 60093 | | | | | 07/1998 |

Page Down

05/31/2002 17:25 FAX                                                                  ☑011/015

AutoTrack Home    Feedback    Results Manager    New Search    Sign Off    Help/Support    Permissible Use    Refere

## Search Results          Click on Name for Detail

# Faces of the Nation ®



## Street Address, Zip Search Based on: 1314 SCOTT AVE, 60093

| Page Up |

44 exact matches, 44 match on first 19 characters

| Name | Address | DOB | Age | SSN | Phone | Reported |
|---|---|---|---|---|---|---|
| ✓ ■ PERKINS, JAMES P | 1314 SCOTT AVE WINNETKA IL 60093 | | | | | 07/1998 |
| ✓ ■ PERKINS, BRIAN P | 1314 SCOTT AV WINNETKA IL 60093 | | | 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 | | 07/17/2001 |
| ✓ ■ PERKINS, BRIAN P | 1314 SCOTT AV WINNETKA IL 60093 | | | 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 | (847)582-6853 | 07/17/2001 |
| ✓ ■ PERKINS, JAMES P | 1314 SCOTT AVE WINNETKA IL 60093 | | | 340-32-XXXX | | 11/16/2000 |
| ✓ ■ PERKINS, SARAH R | 1314 SCOTT AVE WINNETKA IL 60093 | | | 348-40-XXXX | | 09/29/2000 |
| ✓ ■ PERKINS, JAMES P | 1314 SCOTT AVE WINNETKA IL 60093 | | | 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 | | 06/1999 |
| ✓ ■ PERKINS, KEVIN | 1314 SCOTT AVE WINNETKA IL 60093 | | | 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 | | 03/1999 |
| ✓ ■ PERKINS, SARAH S | 1314 SCOTT AVE WINNETKA IL 60093 | | | 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 | | 10/1998 |
| ✓ ■ PERKINS, JAMES P | 1314 SCOTT AVE WINNETKA IL 60093 | | | 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 | | 06/1999 |
| ✓ ■ PERKINS, SARAH S | 1314 SCOTT AVE WINNETKA IL 60093 | | | 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 | | 10/1998 |
| ✓ ■ PERKINS, SARAH R | 1314 SCOTT AVE WINNETKA IL 60093 | | | 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 | | 07/01/1998 |
| ✓ ■ PERKINS, KEVIN M | 1314 SCOTT AV WINNETKA IL 60093 | | | 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 | | 03/01/1999 |
| ✓ ■ PERKINS, KEVIN M | 1314 SCOTT AV WINNETKA IL 60093 | | | 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 | | 03/01/1999 |
| ✓ ■ BELL, CHRISTINE A | 1314 SCOTT AV WINNETKA IL 60093 | | | 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 | | 07/18/2001 |
| ✓ ■ PERKINS, JAMES P | 1314 SCOTT AV WINNETKA IL 60093 | 12/06/1939 | 62 | 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 | | 07/18/2001 |

| Page Down |

05/31/2002 17:25 FAX                                                    ☑012/015

<u>AutoTrack Home</u>   <u>Feedback</u>   <u>Results Manager</u>   <u>New Search</u>   <u>Sign Off</u>   <u>Help/Support</u>   Permissible Use   Refere

Search Results            Click on Name for Detail       

# Faces of the Nation ®

## Street Address, Zip Search Based on: 1314 SCOTT AVE, 60093

| Page Up |

44 exact matches, 44 match on first 19 characters

| Name | Address | DOB | Age | SSN | Phone | Reported |
|------|---------|-----|-----|-----|-------|----------|
| ✓ ■ PERKINS, JAMES P | 1314 SCOTT AV WINNETKA IL 60093 | 12/06/1939 | 62 | 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 | | 07/18/2001 |
| ✓ ■ PERKINS, SARAH R | 1314 SCOTT AV WINNETKA IL 60093 | | | 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 | | 07/12/2001 |
| ✓ ■ SMITH, ROGER K | 1314 SCOTT AV WINNETKA IL 60093 | | | 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 | | 07/18/2001 |
| ■ HARRIS, JEAN K | 1314 SUNVIEW WINNETKA IL 60093 | 12/1922 | 79 | 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 | | |
| ■ PELLETIER, GARY R | 1314 SUNVIEW LN WINNETKA IL 60093 | 05/1957 | 44 | 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 | | 07/00/2000 |
| ■ HARRIS, MORTON J | 1314 SUNVIEW LN WINNETKA IL 60093 | | | 318-01-XXXX | | 07/01/1965 |
| ■ PELLETIER, DALE M | 1314 SUNVIEW LN WINNETKA IL 60093 | | | 357-48-XXXX | (847)441-9590 | 04/16/1993 |
| ■ PELLETIER, SUSAN W | 1314 SUNVIEW LN WINNETKA IL 60093 | | | 329-60-XXXX | (847)441-9590 | 04/16/1993 |
| ■ PELLETIER, GARY R | 1314 SUNVIEW LN WINNETKA IL 60093 | | | 340-54-XXXX | | 01/17/2001 |
| ■ PELLETIER, SUSAN W | 1314 SUNVIEW LN WINNETKA IL 60093 | | | 329-60-XXXX | | 01/19/2001 |
| ■ PELLETIER, DALE M | 1314 SUNVIEW LN WINNETKA IL 60093 | | | 357-48-XXXX | | 01/19/2001 |
| ■ HARRIS, JEAN K | 1314 SUNVIEW LN WINNETKA IL 60093 | | | 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 | | 01/1991 |
| ■ PELLETIER, DALE M | 1314 SUNVIEW LN WINNETKA IL 60093 | | | 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 | | 01/1998 |
| ■ PELLETIER, SUSAN W | 1314 SUNVIEW LN WINNETKA IL 60093 | | | 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 | | 04/1998 |
| ■ HARRIS, JEAN K | 1314 SUNVIEW LN WINNETKA IL 60093 | | | 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 | | 01/1991 |

| Page Down |

05/07/2002  18:01    17735259354              LERU & ASSOCIATES              PAGE  01



## BUSINESS SERVICES                    SECRETARY OF STATE

### Results from Corporation Search

| Entity Name | AON CORPORATION | File Number | 52024722 |
|---|---|---|---|
| Entity Type | Corporate Master | Type Corporation | Foreign BCA |
| Incorporation Date | 04/10/1980 | State | DELAWARE |
| Agent Name | C T CORPORATION SYSTEM | Agent Change Date | 07/07/1993 |
| Agent Street | 208 SOUTH LASALLE STREET | President Name | PATRICK G RYAN 134 MELROSE KENILWORTH 60043 |
| Agent City | CHICAGO | Secretary Name | KEVANN M COOKE 123 N WACKER DR CHICAGO 60606 |
| Agent Zip | 606041136 | Duration Date | Perpetual |
| Current Paid Year | 2002 | Current Paid Date | 04/12/2002 |
| Assumed Name | | | |

ck to the Corporation/LLC Search page
berDrive Illinois home page

720 ILCS 5/31-1a                    CRIMINAL CODE

violation of the resistance statute had "reason-
able grounds" to arrest defendants without a
warrant. People v. Holdman, 73 Ill. 2d 213, 22
Ill. Dec. 679, 383 N.E.2d 155 (1978).

   The fact that a formal charge of resisting or
obstructing a police officer was never made did

not detract from the conclusion that officers
who personally witnessed defendants' flight in
violation of this section had "reasonable
grounds" to arrest defendants without a war-
rant. People v. Holdman, 73 Ill. 2d 213, 22 Ill.
Dec. 679, 383 N.E.2d 155 (1978).

LEGAL PERIODICALS

   For article, "Survey of Illinois Law [1989-
90]—Criminal Law," see 15 S. Ill. U.L.J. 785
(1991).

## 720 ILCS 5/31-1a   Disarming a peace officer

   Sec. 31-1a. *Disarming a peace officer.* A person who knowingly disarms a
person known to him to be a peace officer, while the peace officer is engaged in
the performance of his official duties by taking a firearm from the person of the
peace officer or from an area within the peace officer's immediate presence
without the peace officer's consent shall be guilty of a Class 2 felony.
(Source: P.A. 84-181.)

**Note.**
   This section was Ill.Rev.Stat., Ch. 38,
para. 31-1a.

## 720 ILCS 5/31-3   Obstructing service of process

   Sec. 31-3. *Obstructing service of process.* Whoever knowingly resists or
obstructs the authorized service or execution of any civil or criminal process or
order of any court commits a Class B misdemeanor.
(Source: P.A. 77-2638.)

**Note.**
   This section was Ill.Rev.Stat., Ch. 38,
para. 31-3.

05/31/2002 17:28 FAX

JOSEPH P. MAHR          5/06/02

ROGER K. SMITH –
NR. your info with or without middle
initial.

# TO BE PROVIDED PROMPTLY UPON SHORTLY-ANTICIPATED RESOLUTION OF PROTECTIVE ORDER ISSUE

# TO BE PROVIDED PROMPTLY UPON SHORTLY-ANTICIPATED RESOLUTION OF PROTECTIVE ORDER ISSUE