|  |
|---|
| In the Matter of the Arbitration Between |
| SUN LIFE ASSURANCE COMPANY OF CANADA, et al., |
| Petitioners, |
| -and- |
| CERTAIN MEMBERS OF THE UNICOVER OCCUPATIONAL ACCIDENT REINSURANCE POOL and UNICOVER MANAGERS INC., |
| Respondents. |

Thomas M. Tobin, Umpire

Paul Edward Dassenko, Arbitrator

Daniel E. Schmidt, IV, Arbitrator

## CONFIDENTIALITY AGREEMENT

1.  The parties intending to be bound by this agreement are:

    a.  Sun Life Assurance Company of Canada, Phoenix Home Life Mutual Insurance Company and American Phoenix Life and Reassurance Company and their parent corporations, subsidiaries, affiliates, agents, employees, officers and directors (collectively the "Petitioners").

    b.  Connecticut General Life Insurance Company, Cragwood Managers, LLC, General & Cologne Life Re of America, Life Reassurance Corporation of America, Lincoln National Life Insurance Company, and ReliaStar Life Insurance Company, and their parent corporations, subsidiaries, affiliates, agents, employees, officers and directors (collectively the "Respondents").

2.  Except as provided in Paragraph 3 below, and absent written agreement between the parties to the contrary, Petitioners and Respondents agree that all submissions, briefs, depositions and hearing transcripts generated in the course of this arbitration, documents created for the arbitration or produced in the proceedings by another party or third parties, final award and any interim decision, correspondence, oral discussions and information exchanged in connection with the proceedings (hereinafter collectively referred to as "Arbitration Information") will be kept confidential. This Confidentiality Agreement shall not restrict the ability of any party to use documents or information that either: (a) were in or enter the public domain (other than through violation of this Agreement); or (b) were in the possession of that party prior to December 12, 2000. This Confidentiality Agreement will remain in effect even after conclusion of the arbitration proceedings.

3.  Disclosure of Arbitration Information may be made: (a) to the extent necessary to secure payment from retrocessionaires; (b) in connection with court proceedings relating to any aspect of the arbitration, including but not limited to motion to confirm, modify or vacate an arbitration award; (c) as is necessary in communications (i) with auditors retained by any of the parties hereto, or (ii) with federal or state regulators, or (iii) as may be required by applicable laws or regulations; and (d) as is necessary in order to comply with subpoenas, discovery requests or orders of any court or arbitration panel. Any disclosures pursuant to subparagraphs (a) and (c) (i) shall be accompanied by a copy of this Confidentiality Agreement and an instruction to any recipient to maintain the confidentiality of all

NYB 1207549.5

Arbitration Information. Any disclosure pursuant to paragraph (c)(ii) or (iii) shall be accompanied by a copy of this Confidentiality Agreement and a request to any recipient to maintain the Confidentiality of all Arbitration Information. If any party is requested or required under subparagraph (d) to disclose Arbitration Information, that party will give written notice to the others as soon as the subpoena, discovery request or court order is received. In connection with any disclosure pursuant to subparagraph (b), the parties agree, subject to Court approval, that all submissions of Arbitration Information to a court shall be sealed. In all contexts, all parties will make good-faith efforts to limit the extent of the disclosures, if any, to be made, and will cooperate with each other in resisting or limiting disclosure of Arbitration Information.

4. For the purpose of conducting this arbitration, Arbitration Information may be disclosed on an as needed or as appropriate basis to the following persons only:

   a. the arbitration panel, who evidence by their execution hereof their undertaking to maintain Arbitration Information in confidence as set forth herein;

   b. counsel for a party or employees of counsel's law firm who are assisting counsel;

   c. employees, officers, directors and agents of the parties for purposes consistent with this agreement;

   d. any party deposition or trial witness;

   e. any person retained or consulted by counsel for a party to assist in this arbitration; provided, however, that such person shall be bound by the terms of this Confidentiality Agreement as if that person were a party, and shall so acknowledge by executing, prior to receipt of or access to material produced in this arbitration, an affidavit in the form attached hereto as Exhibit A; or

   f. any non-party deposition or trial witness; provided, however, that the parties will use best efforts to obtain such person's agreement to be bound by the terms of this Confidentiality Agreement as if that person were a party, and shall so acknowledge by executing, prior to receipt of or access to material produced in this arbitration, an affidavit in the form attached hereto as Exhibit A.

5. Counterparts: This Confidentiality Agreement may be executed in two or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. This agreement shall become effective when one or more counterparts have been signed by each party hereto and delivered to the other parties hereto. For purposes of the foregoing, a facsimile of a signed counterpart shall constitute an original, and delivery of a facsimile signature shall be effective.

Members of the Panel:

Arbitrator: _____

Arbitrator: _____

Umpire: _/s/_____

AGREED:

SUN LIFE ASSURANCE COMPANY OF CANADA

By: _____

GENERAL & COLOGNE LIFE RE OF AMERICA

By: _____

PHOENIX HOME LIFE MUTUAL INSURANCE COMPANY and AMERICAN PHOENIX LIFE AND REASSURANCE COMPANY

By: _____

CONNECTICUT GENERAL LIFE INSURANCE COMPANY

By: _____

LINCOLN NATIONAL LIFE INSURANCE COMPANY

By: _____

LIFE REASSURANCE CORPORATION OF AMERICA

By: _____

RELIASTAR LIFE INSURANCE COMPANY

By: _____

Dated: _____

CRAGWOOD MANAGERS, LLC

By: _____

3

NYB 1207549.5

Members of the Panel:

Arbitrator: _David E. Schnur Jr._ (signature)

Arbitrator: _____

Umpire: _____

AGREED:

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA | GENERAL & COLOGNE LIFE RE OF AMERICA |
| By: _____ | By: _____ |
| PHOENIX HOME LIFE MUTUAL INSURANCE COMPANY and AMERICAN PHOENIX LIFE AND REASSURANCE COMPANY | CONNECTICUT GENERAL LIFE INSURANCE COMPANY |
| By: _____ | By: _____ |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY | LIFE REASSURANCE CORPORATION OF AMERICA |
| By: _____ | By: _____ |
| RELIASTAR LIFE INSURANCE COMPANY | CRAGWOOD MANAGERS, LLC |
| By: _____ | By: _____ |
| Dated: _____ | |

05/08/2001 18:13 FAX                   CLIFFORD&CHANCE                            ☒008/008
FROM : DE54ARBITRATION        PHONE NO. : 9097470669              May. 27 2001 10:53AM P2

Members of the Panel:

Arbitrator: _Daniel E. Schmidt_____

Arbitrator: _____

Umpire: _____

AGREED:

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA | GENERAL & COLOGNE LIFE RE OF AMERICA |
| By: _____ | By: _____ |
| | |
| PHOENIX HOME LIFE MUTUAL INSURANCE COMPANY and AMERICAN PHOENIX LIFE AND REASSURANCE COMPANY | CONNECTICUT GENERAL LIFE INSURANCE COMPANY |
| By: _____ | By: _____ |
| | |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY | LIFE REASSURANCE CORPORATION OF AMERICA |
| By: _____ | By: _____ |
| | |
| RELIASTAR LIFE INSURANCE COMPANY | CRAGWOOD MANAGERS, LLC |
| By: _[signature]_ | By: _____ |
| Dated: _____ | |

3

EXHIBIT A

In the Matter of the Arbitration Between

SUN LIFE ASSURANCE COMPANY OF CANADA, et al.,

Petitioners,

-and-

UNICOVER MANAGERS INC., et al.,

Respondents.

Thomas M. Tobin, Umpire

Paul Edward Dassenko, Arbitrator

Daniel E. Schmidt, IV, Arbitrator

## AFFIDAVIT

_____, being duly sworn, deposes and says:

1. I live at _____

2. I am employed as (state position) _____ by (state name and address of employer _____

3. I am aware that the parties to In the Matter of the Arbitration Between Sun Life Assurance Company of Canada, et al., Petitioners, and Unicover Managers, Inc., et al., Respondents, have entered into a Confidentiality Agreement dated _____. I have received and read a copy of that Confidentiality Agreement.

4. I agree to review or otherwise use the material produced in the instant arbitration by _____ or _____ only under supervision of a party's counsel and only in connection with this particular arbitration.

5. I agree that I will be bound by the terms of the Confidentiality Agreement as though I were a party to the arbitration, and will not disclose or discuss material produced by _____ or _____ to or with any person other than those permitted access to such material under the Confidentiality Agreement.

_____
(Signature)

Sworn to before me this ____ day of _____, 2001.

_____
Notary Public

A-1

NYB 1207549.5