UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AON RE, INC.<br><br>Defendant. | Civil Action No. 303 CV 905 RNC<br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S *EX PARTE* APPLICATION FOR ORDER ALLOWING LINCOLN TO FILE DOCUMENTS UNDER SEAL**<br><br>(November 5, 2003) |

SF\438547.3

I.   **PRELIMINARY STATEMENT**

Plaintiff, The Lincoln National Life Insurance Company ("Lincoln"), respectfully requests that the Court grant its *ex parte* application to file certain documents under seal. Consideration of the documents by the Court is necessary to the proper adjudication of the motions to dismiss, stay, and/or transfer filed by defendant Aon Re, Inc. ("Aon"). However, the documents were originally produced to Lincoln during the course of an arbitration proceeding, and are covered by the protective order entered by the arbitration panel providing that if the documents are used in other litigation they be filed under seal "subject to Court approval." Plaintiff has requested that Aon waive this provision for the documents at issue, which do not appear to implicate substantial privacy concerns. Because Aon (without explanation) has refused to do so, Lincoln is forced to make this request of the Court.

II.   **PROCEDURAL BACKGROUND**

Lincoln filed this action against Aon on May 22, 2003. As relevant to this application, the complaint alleges that Aon breached certain contracts with a reinsurance pool in which Lincoln had an 18.75% interest. Those contracts required Aon to secure and maintain retrocessional protection protecting Lincoln against potential losses in one of its own reinsurance portfolios. That protection was in fact secured from Sun Life Assurance Company of Canada, Phoenix Life Insurance Companies, and General & Cologne Life Re of America (collectively, the "Retrocessionaires"), in the form of an agreement called the Three-Year Whole Account agreement, effective December 1, 1997.

Aon's breaches of its contracts with Lincoln led to the failure of that retrocessional protection. Specifically, Aon's wrongdoing[1] led to an October 8, 2002 arbitration

---

[1]   As outline in the complaint, Aon (a) concealed the excessive volume of business that was being reinsured; (b) failed fully to disclose to Lincoln the Retrocessionaires' concerns regarding the level of business; (c) affirmatively represented that the Retrocessionaires were not dissatisfied with the level of business, knowing that such representations were false; and (d) encouraged the writing of additional business despite the precarious state of the Pool's retrocessional protection. Complaint ¶¶ 31, 37, 42.

1

SF\438547.3

award relieving the Retrocessionaires of responsibility for business bound or renewed after August 31, 1998, thereby exposing Lincoln and the other pool members to tens of millions of dollars of losses.

On May 22, 2003, Lincoln filed this action to recover the losses caused by Aon's wrongful conduct. Aon obtained multiple extensions of time to respond, and during that period while Aon's response was pending, Lincoln filed a motion pursuant to 28 U.S.C. § 1404(a) requesting that this action be transferred to the United States District Court for the District of New Jersey, on the ground that such transfer would serve the convenience of the parties and the interest of justice. On September 8, Aon filed (1) a motion to dismiss this action; (2) a motion to stay this action pending the results of Lincoln's arbitration against an unrelated third party; and (3) an opposition to Lincoln's motion to transfer, with a cross-motion seeking transfer of this action to the United States District Court for the Northern District of Illinois. Pursuant to agreement of the parties and order of the Court, Lincoln filed responses to Aon's filings on October 24.

Included in Lincoln's filings were declarations attaching certain documentary evidence demonstrating that the nexus of the dispute between Lincoln and Aon is New Jersey, not Illinois. *See* Declaration of Richard Mooney filed herewith ("Mooney Decl.") ¶ 2. That documentary evidence included (1) a document that had been produced by Aon during the course of the Three-Year Whole Account arbitration, (2) a document that had been produced by third party Unicover Managers, Inc. (together with its successor in interest Cragwood Managers LLC, "Unicover") during the course of the Three-Year Whole Account arbitration, (3) testimony during the Three-Year Whole Account arbitration hearing and preceding depositions from a Unicover officer, and (4) argument by counsel for third party Phoenix Life Insurance Companies ("Phoenix") during the Three-Year Whole Account arbitration hearing (collectively, the "Confidential Exhibits"). *Id.* Pursuant to the confidentiality agreement entered into by the parties to the Three-Year Whole Account arbitration (including Lincoln, Phoenix, and Unicover, and subsequently extended to Aon) and ordered by the arbitration panel, each of the four types of

documents detailed above are deemed "Arbitration Information." Mooney Decl. ¶¶ 3-4 & Exh. A.

The confidentiality agreement and order provides that when Arbitration Information is used in court proceedings outside the Three-Year Whole Account arbitration, the Arbitration Information must be filed under seal "subject to Court approval." Mooney Decl. Exh. A at 2. For that reason, Lincoln did not file copies of the Confidential Exhibits with the Court, and instead requested that Aon, Phoenix, and Unicover agree to waive the requirement that the Confidential Exhibits be filed under seal, in light of the at most modest privacy interest implicated by the Confidential Exhibits, and the time and expense required to obtain an order sealing the documents from the Court. Mooney Decl. ¶ 5. After several attempts over five days to contact counsel for Aon, Phoenix, and Unicover by email, fax, and telephone, counsel for Phoenix agreed to waive the sealing requirement, counsel for Unicover stated that Unicover was unable to reach a decision one way or the other at the present time, and counsel for Aon refused to waive the sealing requirement. *Id.* ¶ 6. Neither counsel for Aon nor counsel for Unicover proffered any rationale to support their position. *Id.* Counsel for Lincoln informed counsel for Aon and counsel for Unicover that Lincoln intended to file this application on Monday, November 3. *Id.* ¶ 7. Counsel for Aon and counsel for Unicover indicated that they were not opposed to this application. *Id.*

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) authorizes a court to enter "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including – for good cause shown – an order that "confidential research, development, or commercial information not be revealed or be revealed only in a designated way." A court may also order that disclosure occur "only on specified terms and conditions," and that specified documents be filed under seal. Fed. R. Civ. Proc. 26(c)(2), (8).

Although the First Amendment protects the public's right of access to court documents, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978), it is well-

3

SF\438547.3

established that the right of access is not absolute, *see, e.g., Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2nd Cir. 2000). In *Geller*, the Second Circuit stated that "when a district court initially considers a request to seal a file or to approve or take other protective measures, it enjoys considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in our courts." *Id.* This Court is in accord, having previously stated that the right of access "can be overcome by a showing that placing the documents in question under seal will further other substantial interests," including, for example, "a third party's privacy interests." *Vassiliades v. Israely*, 714 F. Supp. 604, 605 (D. Conn. 1989) (citing *Matter of New York Times Co.*, 828 F.2d 110, 116 (2nd Cir. 1987)); *see also City of Hartford v. Chase*, 733 F. Supp. 533, 536 (D. Conn. 1990).

IV.   **ARGUMENT**

Lincoln respectfully requests that the Court grant this unopposed *ex parte* application to allow the documents at issue to be filed under seal. *See* Mooney Decl. ¶ 7. There is no dispute that the documents are relevant to the proper determination of the motions to dismiss, stay, and transfer. *Id.* ¶ 2 (generally describing content of documents at issue). Lincoln should not be prejudiced in opposing those motions by the necessity of complying with the order of another tribunal. Lincoln recognizes the imposition that filings under seal place upon the Court and the parties. The only way to avoid that imposition while allowing a proper consideration of the pending motions, however, is for Aon and Unicover to recognize that the documents at issue are not sufficiently sensitive to warrant filing under seal, and agree to waive the provisions of the confidentiality agreement and order. Because Aon and Unicover have refused to do so, Lincoln was forced to make this application.[2]

---

[2]   Because the Three-Year Whole Account arbitration is completed, the arbitration panel has been disbanded and is not currently available to entertain a request that it modify the agreement and order. *See* Mooney Decl. ¶ 8.

4

SF\438547.3

## V.  CONCLUSION

For the foregoing reasons, Lincoln respectfully requests that its unopposed *ex parte* application for an order allowing the Confidential Exhibits to be filed under seal be granted. A proposed form of order is filed herewith.

Dated: November 4, 2003
       San Francisco, California

                                        LATHAM & WATKINS LLP

                                        By _____
                                        Richard Mooney (ct25231; *pro hac vice*)
                                        Attorneys for Plaintiff The Lincoln
                                        National Life Insurance Company

                                        505 Montgomery St. #1900
                                        San Francisco, CA 94111
                                        (415) 391-0600
                                        (415) 395-8095 (fax)
                                        richard.mooney@lw.com

5

SF\438547.3