UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AON RE, INC.<br><br>Defendant. | Civil Action No. 303 CV 905 RNC<br><br>**DECLARATION OF RICHARD MOONEY IN SUPPORT OF THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S *EX PARTE* APPLICATION FOR ORDER ALLOWING LINCOLN TO FILE DOCUMENTS UNDER SEAL**<br><br>(November 5, 2003) |

SF\438866.1

I, Richard J. Mooney, declare as follows.

1. I am an attorney admitted to practice in the State of California, and admitted *pro hac vice* before this Court (bar number ct25231). I am associated with the law firm of Latham & Watkins LLP, counsel to Plaintiff The Lincoln National Life Insurance Company ("Lincoln") in this matter. I make this declaration in support of Lincoln's *ex parte* applicatiion for an order allowing Lincoln to file documents under seal. I have personal knowledge of the facts stated in this declaration and, if called upon to do so, I could and would testify competently thereto.

2. Attached as exhibits to declarations filed by Lincoln in opposition to motions filed by defendant Aon Re, Inc. ("Aon") seeking to transfer, stay, or dismiss this action were (a) a document that had been produced by Aon during the course of the Three-Year Whole Account arbitration (which is accurately described in the brief filed herewith); (b) a document that had been produced by third party Unicover Managers, Inc. (together with its successor in interest Cragwood Managers LLC, "Unicover") during the course of the Three-Year Whole Account arbitration; (c) transcripts of testimony during the Three-Year Whole Account arbitration hearing and preceding depositions from a Unicover officer; and (d) transcript of argument by counsel for third party Phoenix Life Insurance companies ("Phoenix") during the Three-Year Whole Account arbitration hearing. These documents I refer to collectively as the "Confidential Exhibits." The Confidential Exhibits provide important support for (*inter alia*) Lincoln's argument that the nexus of the current dispute is New Jersey, and not Illinois as claimed by defendant Aon. They are important to a fully informed decision on Aon's various motions filed in this Court, as well as to resolution of Lincoln's motion to transfer this action to the United States District Court for the District of New Jersey.

3. During the course of the Three-Year Whole Account arbitration, the parties to that arbitration (including Phoenix, Lincoln, and Unicover) entered into a confidentiality agreement that was subsequently entered as an order of the arbitration panel. The

requirements and protections of that agreement and order were extended to Aon by agreement of the parties during the course of the present action.

4. A true and correct copy of the confidentiality agreement and order described in paragraph 3 is attached hereto as Exhibit A. The Confidential Exhibits are within the definition of "Arbitration Information" within the confidentiality agreement and order. On page 2, the agreement and order requires that any Arbitration Information used in court proceedings outside the Three-Year Whole Account arbitration be filed under seal "subject to Court approval."

5. For that reason, Lincoln did not file copies of Confidential Exhibits with the Court, and instead requested that Aon, Phoenix, and Unicover agree to wavie the requiremet that the Confidential Exhibits be filed under seal, in light of the at most modest privacy interests implicated by the Confidential Exhibits, and the time and expense required to obtain a sealing order from the Court.

6. I made this request on five consecutive days (October 26 through October 30), using email, fax, and telephone. During that period, counsel for Phoenix agreed to waive the sealing requirement with respect to the argument by counsel for Phoenix. Counsel for Aon and counsel for Unicover did not respond to my requests until the fifth day. On that day, counsel for Aon indicated that Aon was denying the request, and counsel for Unicover indicated that Unicover had not had sufficient opportunity to reach a conclusion one way or the other. Neither counsel offered a rationale to support their response to the request.

7. During the conversations described in paragraph 6, I informed counsel for Aon and counsel for Unicover that Lincoln intended to make this application seeking an order allowing the Confidential Exhibits to be filed under seal. Counsel for Aon and counsel for Unicover each indicated they had no opposition to application.

2

SF\438866.1

3

8. The Three-Year Whole Account arbitration has been completed.

I declare under penalty of perjury under the laws of the United States and the State of California and the State of Connecticut that the foregoing is true and correct and this declaration was executed on October 31, 2003 in San Francisco, California.

Richard J. Mooney

3

SF\438866.1