UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | :   CIVIL ACTION NO.<br>:   3:03CV0905 (RNC)<br>: |
| Plaintiff, | :<br>: |
| v. | :<br>: |
| AON RE, INC. | :   November 17, 2003<br>: |
| Defendant. | : |

---

**AON RE, INC.'S REPLY IN SUPPORT OF CROSS-MOTION TO TRANSFER
TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C. § 1404(a)**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ................................................................................................................ 1

ARGUMENT ....................................................................................................................... 1

   A.   The Importance of Consolidation Favors a Transfer to Illinois ......................... 1

   B.   The Locus of Operative Facts ........................................................................... 2

   C.   The Location of Documents .............................................................................. 5

   D.   The Convenience of Witnesses ......................................................................... 6

   E.   The Availability of Process to Compel Attendance of Unwilling Witnesses .... 7

   F.   The Convenience of the Parties ........................................................................ 8

   G.   The Weight Accorded to Plaintiffs' Choice of Forum ...................................... 8

   H.   The Trial Efficiency .......................................................................................... 9

   I.   The Forum's Familiarity with the Governing Law ......................................... 10

CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

## CASES

*Clear Technologies v. Khan*, No. 01-130 (KSH), 2002 U.S. LEXIS 7989
(D.N.J. Feb. 11, 2002) ........................................................................................ 9

*Coker v. Bank of America*, 984 F. Supp. 757 (S.D.N.Y. 1997) ............................ 6

*Conn. Gen. Life Ins. Co. v. Sun Life Assur. Co. of Canada*,
210 F.3d 771 (7th Cir. 2000) ............................................................................ 4

*Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19 (1960) ..................... 1, 2

*Days Inns of America, Inc.*, 164 F. Supp. 2d 255 (D. Conn. 2001) .................. 10

*Elgar v. Elgar*, 238 Conn. 839, 679 A.2d 937 (1996) ...................................... 10

*Falconwood Financial Corp. v. Griffin*, 838 F. Supp. 836 (S.D.N.Y. 1993) ...... 6

*KCJ Corp. v. Kinetic Concepts, Inc.*, 18 F. Supp. 2d 1212 (D. Kan. 1998) ........ 8

*United States Surgical Corp. v. Imagyn Med. Tech., Inc.*,
25 F. Supp. 2d 40 (D. Conn. 1998) ................................................................... 9

## STATUTES

28 U.S.C. § 1404 (a) ................................................................................ *passim*

## INTRODUCTION

Hard pressed to articulate a justification for the claim splitting and blatant forum shopping which led to this lawsuit, and unable to put forward facts demonstrating that this action should be transferred to New Jersey, as opposed to Illinois, Lincoln relies largely on an irrelevant smear campaign which details Aon Re's supposed efforts to resist discovery in an earlier arbitration among Lincoln, the other Pool members and Unicover (in which Aon Re was not a party). Lincoln's endeavor to distract the Court from its inability to put forward a compelling case for transfer to New Jersey must fail. Its effort to address the factors addressed by Aon Re in its opening brief—factors clearly established by courts in this District—falls well short of overcoming the clear conclusion that this action should be transferred to the Northern District of Illinois.

## ARGUMENT

### A.  The Importance of Consolidation Favors a Transfer to Illinois

Lincoln's insistence that ensuring consolidation should be the central focus of the Court has no legal or factual basis. (Pl. Resp. at 14). First, the importance of consolidation is *not* one of the factors that courts in this District have identified in the § 1404(a) analysis. Nor do the cases cited by Lincoln compel the conclusion that a concern for consolidation should outweigh all other factors. (*Id.*) This is not a case like *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19 (1960), where the two related actions involved the exact same issues, but only differed in that one action was against a piece of property and the other against the property's owner. Instead, the consolidation issues here include over ten different parties in four separate lawsuits, all of whom are asserting their own defenses (procedurally and substantively) to the different plaintiffs' actions.

To be sure, Aon Re believes this action should ultimately be consolidated with related cases. Indeed, Aon Re has moved to transfer the two cases filed by Lincoln (in this District and in New Jersey) and the two filed by Phoenix and Cologne (in this District and in New Jersey) and intends to move for consolidation in the Northern District of Illinois. However, nothing in *Continental Grain Co.*, nor any other case, stands for the proposition that under § 1404(a) a party, like Aon Re, should acquiesce to a plaintiff's tactical maneuvering to permit consolidation in the plaintiff's chosen forum. This is especially true, as shown below, when the action <u>does not belong</u> in the plaintiff's proposed forum. Therefore, the importance of consolidation aside, the § 1404(a) factors—as identified by <u>this</u> District and applied to <u>this</u> case—are the governing criteria on which transfer must be decided, and those factors clearly demonstrate that plaintiff's action should be transferred to Illinois.

**B.   The Locus of Operative Facts**

Plaintiff does not contest Aon Re's argument, supported by the Declaration of Roger Smith, that a substantial portion of all of Unicover's work for the Pool was conducted out of Unicover's Lisle, Illinois office. (*See* Aon Re Op. Br. at 13 and Ex. 1). Instead, plaintiff argues only that Aon Re's arguments should be disregarded because Aon Re mischaracterizes plaintiff's complaint. (Pl. Resp. at 13, 15). However, it is plaintiff, and not Aon Re, that mischaracterizes the complaint.

Plaintiff argues that its complaint is not about Aon Re's underwriting practices but rather about "communications." Specifically, plaintiff asserts that: "[t]o a large extent, therefore, this case is about communications between the Pool manager, Unicover, and the retrocessional reinsurance broker, Aon. More precisely, to a large extent, this case is about communications between Pallat, who lived and worked in New Jersey, and Smith." (Pl. Resp. at 9). An honest

examination of plaintiff's complaint, however, shows that Lincoln's assertion rings hollow. First, if the complaint focuses "more precisely" and "to large extent" on communications to or from Roger Smith, as plaintiff now asserts (*see id.*), one would expect to see such allegations in the complaint. However, neither plaintiff's complaint nor its motion to transfer mention Mr. Smith. Further, neither the complaint nor the motion specify, or even generally describe, the nature or quantity of any of Mr. Smith's (or any other Aon Re employee's) alleged communications that constitute the purported concealment or misrepresentations that plaintiff now asserts is the basis of its complaint. The best plaintiff can muster is a footnote in its response brief stating that Mr. Smith was copied on a letter from John Pallat of Unicover to Centaur, another reinsurance underwriter, in 1998 and that Mr. Pallat sent Mr. Smith a report in 1999. (Pl. Resp. at 3, n.4). But plaintiff does nothing to tie this slender reed to any supposed deception or misrepresentations.

More fundamentally, plaintiff cannot now re-plead its complaint in an attempt to avoid a transfer to Illinois. The complaint speaks for itself, and in contrast to the characterization found in plaintiff's response to Aon Re's motion to transfer, the foundation of this complaint is not "communications" to and from New Jersey, but rather is Unicover's underwriting practices, which occurred in Illinois. Plaintiff's contention that the words "underwrite" or "underwriting" only appear a few times in the complaint (*see* Pl. Resp. at 13, n.12), does not avoid the fact that the nature of the complaint fundamentally concerns underwriting practices. Any plain reading of plaintiff's complaint reveals that the allegations concern Unicover underwriting of alleged excessive and unauthorized volumes of premium and Aon Re's alleged role therein. (*See* Compl. at ¶¶ 19, 22).

In addition to attempting to re-characterize its complaint in an effort to argue that New Jersey is where this action should be transferred, plaintiff also relies on the false assertion that Unicover had its principal place of business in New Jersey (*See* Pl. Resp. at 3, 14). Lincoln cites no basis for this significant allegation other than a letter from Mr. Pallat to John Cackett of Centaur that does *not* identify New Jersey as Unicover's headquarters. (*See* Mooney Decl. at ¶ 4 and Ex. C). Lincoln's assertion is directly contradicted by Mr. Smith's declaration (*see* R. Smith Decl. at ¶ 5 (Aon Re's Op. Br., Ex. 2)) *and* a holding by the Seventh Circuit Court of Appeals. The Seventh Circuit specifically held during the course of the Pool arbitration that Unicover was headquartered in Illinois. *See Conn. Gen. Life Ins. Co. v. Sun Life Assur. Co. of Canada*, 210 F.3d 771, 775 (7th Cir. 2000) (holding that Chicago "just happens to be Unicover's headquarters").

Relying entirely on its re-characterization of the complaint, Lincoln does not assert any significant challenge to the facts underlying Aon Re's motion to transfer. Specifically, plaintiff does not and cannot challenge Mr. Smith's statements that:

- Unicover's work performed at the behest of the Pool was governed by a management agreement, which was entered into among Unicover in "Lisle, Illinois" and each of the Pool members and governed by Illinois law. (R. Smith Decl. at ¶¶ 4-5; Aon Re Op. Br., Ex. 1 at ¶ 19).
- Most of Unicover's staff was based in the Lisle, Illinois office, out of which a substantial portion of all of Unicover's work for the Pool was conducted, including: (1) performing *all* of the underwriting and actuarial analysis; (2) providing quotes; (3) serving as a source for brokers interested in doing business with Unicover; (4) preparing the contract wording and the

confirmations for all of the deals; and (5) corresponding with Pool members and brokers. (R. Smith Decl. at ¶¶ 5, 6, 14-15).

- Aon Re was retained by Unicover, in part, because of its proximity to Unicover in Chicago, Illinois, and all of Aon Re's activities related to Unicover and the Pool occurred at its offices in Chicago at which Aon Re received and sent correspondence to the Pool members and to Unicover. (*Id*. at ¶¶ 10-11, 16, 17).

- John Pallat, Unicover's CEO, visited Unicover's Lisle, Illinois offices on numerous occasions for the purpose of conducting Unicover Pool business, as did various representatives of the Pool members. (*Id*. at ¶¶ 7-8).

Lincoln provides no basis to overcome these facts other than to claim that Mr. Pallat directed the Pool's operations, and baldly concludes that the "great majority of Pool activity . . . therefore occurred within . . . Unicover's New Jersey headquarters." (Pl. Resp. at 3). Contrary to this bald and unsupported contention, Aon Re has provided <u>sworn</u> and <u>specific</u> statements showing that the "operative facts" in Illinois that support transfer to the Northern District of Illinois.

C. **The Location of Documents**

Despite plaintiff's claim to the contrary, this factor is of importance in this action and weighs in favor of transferring this action to Illinois. Plaintiff has not and cannot overcome Aon Re's assertion that this action will involve a large amount of documentary evidence. (*See* Aon Re's Op. Br. at 14). Further, plaintiff does not dispute that Aon Re's documents related to this action are located in Illinois, (R. Smith Decl. at ¶ 19), or that plaintiff's documents are likely to be found at its principal offices in Indiana.

Instead, Lincoln only states that technology all but eliminates the importance of this factor. (Pl. Resp. at 15). Although technology has made the exchange of information over distances easier, plaintiff cannot contend that technology will substantially lessen the expense or burden of transporting the magnitude of the documents involved in this action such that it is a "virtually trivial matter." (*Id.*) Nor does the case law cited by Lincoln aid its argument. The *Coker v. Bank of America* case, 984 F. Supp. 757, 766 (S.D.N.Y. 1997), relied upon by Lincoln (Pl. Resp. at 15), discounted this § 1404 factor because there were "not many documents [] involved." *Id.* The same cannot be said here.

Further, Lincoln's argument that this factor is only important to the extent it applies to third parties in this case (Pl. Resp. at 15) does not tip this factor in favor of transferring the action to New Jersey. Although the importance of Aon Re's and Lincoln's documents in this matter cannot be contested, plaintiff does not establish the location or importance of the third-party's documents, as the case Lincoln cites requires it to do. *See Falconwood Financial Corp. v. Griffin*, 838 F. Supp. 836, 841 (S.D.N.Y. 1993). Instead, plaintiff merely asserts that important witnesses reside in New Jersey, "and those witnesses' documents likely are located there as well." (Pl. Resp. at 15-16). Indeed, plaintiff asserts no reason to believe that it will seek documents from third party witnesses, nor that those documents are important. However, plaintiff assuredly will seek Aon Re's documents, and they are in Illinois. Therefore, it is clear that this factor weighs in favor of transferring this action to Illinois.

**D.     The Convenience of Witnesses**

Although plaintiff attempts to downplay the significance of this factor by stating that Aon Re identified "three of its own employees who reside in Chicago," (*see* Pl. Resp. at 16) plaintiff fails to point out that one of these three employees is Mr. Smith, the individual that Lincoln—in

re-characterizing its complaint—asserts was at the heart of the alleged misrepresentations and concealments that harmed plaintiff. (*See id*. at 9). Further, Lincoln does not dispute that many of the potential witnesses, including other employees of Aon Re reside in Illinois, or that many of the potential witnesses are spread far and wide, and by no means concentrated in New Jersey. Rather, plaintiff improperly gives short shrift to the inconvenience of these potential witnesses. (*Id*. at 16). Finally, since Aon Re has also already moved to transfer Lincoln's New Jersey action (as well as Phoenix and Cologne's New Jersey and Connecticut actions) to Illinois, any argument that a transfer to New Jersey would be the only way to shield witnesses from multiple appearances rings hollow.

  E. **The Availability of Process to Compel Attendance of Unwilling Witnesses**

As Aon Re set out in its opening brief, although some non-party witnesses may be outside the subpoena power of the court in the Northern District of Illinois, these are the same witnesses who are beyond the power of the court in New Jersey (or Connecticut). Further, more potential witnesses are located in Illinois than in New Jersey. (*See* Aon Re's Op. Br. at 15 (R. Smith Decl. at ¶ 20 and Ex. X attached thereto). Plaintiff only reverts to its argument that the witnesses identified by Aon Re will not provide testimony as to Aon Re's alleged misstatements and concealment (the re-characterized nature of plaintiff's complaint). (*See* Pl. Resp. at 17). However, as shown above, these witnesses will provide information about the true crux of the complaint, namely the underwriting activities relating to the Pool. (*See* R. Smith Decl. at ¶ 20 and Ex. X attached thereto). Plaintiff continues that, regardless of the importance of the testimony of the witnesses identified by Aon, the witnesses' importance stands in "critical contrast" to Unicover's CEO, Mr. Pallat. (*See* Pl. Resp. at 17). But regardless of Mr. Pallat's importance to this case, the mere number of potential in witnesses in Illinois outweighs the

importance of one witness. This factor weighs in favor of transferring plaintiff's action to the Northern District of Illinois.

### F.  The Convenience of the Parties

Plaintiff acknowledges that Aon Re has its principal place of business in Chicago and admits that its own principal places of business is in Indiana. In the face of the overwhelming convenience that a transfer of <u>this</u> action would serve the parties, Lincoln presupposes that all the actions filed against Aon Re will be transferred and consolidated in New Jersey. This is putting the cart before the horse. Plaintiff offers no support for the proposition that this factor includes an analysis of parties to <u>other</u> actions that may or may not be consolidated. Between the parties to this action, plaintiff does not and cannot overcome the overwhelming convenience the parties would enjoy upon a transfer to Illinois.

### G.  The Weight Accorded to Plaintiffs' Choice of Forum

While Lincoln has decided to forego the convenience of litigating in its own home forum (Indiana) or a nearby forum (Illinois), it argues that its choice of New Jersey for its <u>other</u> lawsuit against Aon Re should be given some weight. (Pl. Resp. at 20). The caselaw that Lincoln relies on to support this proposition do not support this contention. In *KCJ Corp. v. Kinetic Concepts, Inc.*, 18 F. Supp. 2d 1212 (D. Kan. 1998), the court approved the plaintiff's second choice of venue where (1) the second choice was plaintiff's home state; and (2) the plaintiff only sought a second forum after learning that it could not maintain its claim in its initially chosen forum. *Id.* at 1215-16. Neither of these elements are applicable to Lincoln. Further, unlike the plaintiff in *KCJ Corp.*, who sought to save time and resources and not to gain an advantage of "law," *see id.* at 1216, Lincoln's admitted purpose of filing its action in this District was to sweep up the legal

advantages of Connecticut law (*i.e.*, a different statute of limitations) and move on to a another forum.

Even if plaintiff could establish that it deserves a second choice—which it cannot —New Jersey courts, like those in this District, hold that where the events at issue took place outside of the chosen forum and the forum is not home to the plaintiff, the plaintiff's choice of forum is entitled to very little deference. *See Nat'l Micrographics Sys., Inc. v. Cannon, U.S.A.*, 825 F. Supp. 671 (D.N.J. 1993) (choice of forum entitled to less deference where plaintiff was not from chosen forum); *Clear Technologies v. Khan*, No. 01-130 (KSH), 2002 U.S. Dist. LEXIS 7989, at *5 (D.N.J. Feb. 11, 2002) (choice of venue is accorded less deference when the central facts of the case occurred outside New Jersey); *United States Surgical Corp. v. Imagyn Med. Tech., Inc.*, 25 F. Supp. 2d 40, 46 (D. Conn. 1998) (same). Since the conduct about which plaintiff complains occurred in Illinois, this Court should accord little weight to plaintiff's choice of forum in its other case.

### H.   Trial Efficiency

Plaintiff relegates to a footnote any discussion about the Administrative Office of the United States Courts' statistics that Aon Re included in its opening brief. (*See* Pl. Resp. at 21, n.18). Specifically, plaintiff only insinuates that these statistics may be unreliable because they do not indicate the type of cases in each district. (*Id.*) This is nonsense. The statistics provided are a median, and there is no reason to conclude that the types of cases in New Jersey federal court are of a different "type" than those that are filed and heard in the Northern District of Illinois. The statistics speak for themselves and support the conclusion that this action is more likely to be disposed of expeditiously in the Northern District of Illinois than in the District of New Jersey.

I.      **The Forum's Familiarity with the Governing Law**

Plaintiff does not appear to dispute that the operative document governing Unicover's conduct includes a provision that requires the application of Illinois law. (*See* Aon Op. Br., Ex. 1 at ¶ 19 ("This Agreement shall be construed and governed by the laws of the State of Illinois.")). An Illinois court is thus the best forum to decide issues arising from that governing law. Plaintiff's assertion (Pl. Resp. at 21) that *Ferens* and Connecticut's choice of law rules would result in the application of New Jersey law regardless of the forum in which this action is ultimately heard is contrary to clear Connecticut case law. *See Days Inns of America, Inc. v. P & N Enterprises, Inc.*, 164 F. Supp. 2d 255, 260 (D. Conn. 2001) ("[u]nder Connecticut law, 'parties to a contract generally are allowed to select the law that will govern their contract'") (*citing Elgar v. Elgar*, 238 Conn. 839, 850, 679 A.2d 937 (1996)). Again, this factor favors a transfer to Illinois.

## CONCLUSION

WHEREFORE, for the reasons stated herein, defendant Aon Re, Inc. respectfully requests that this Court enter an Order denying plaintiff's motion to transfer to the District of New Jersey and grant its cross-motion to transfer this action to the United States District Court for the Northern District of Illinois.

By: *Timothy A. Diemand /s/ A.S.*
Timothy A. Diemand (CT 18075)
WIGGIN & DANA LLP
One Century Tower
265 Church Street
New Haven, Connecticut 06508
Telephone: (203) 498-4400
Facsimile: (203) 782-2889
tdiemand@wiggin.com

Shand S. Stephens (CT 14705)
AON LAW DIVISION
199 Fremont Street
San Francisco, California 94105
Telephone: (415) 486-6980
Facsimile: (415) 486-7018
shand_stephens@aon.com

Dan Webb (CT 25036)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
dwebb@winston.com

Alan L. Kildow (CT 24177)
Sonya R. Braunschweig (CT 25037)
OPPENHEIMER WOLFF & DONNELLY LLP
3300 Plaza VII Building
45 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 607-7000
Facsimile: (612) 607-7100
akildow@oppenheimer.com
sbraunschweig@oppenheimer.com

*Attorneys for Defendant Aon Re, Inc.*

## CERTIFICATION

This is to certify that a copy of the foregoing Defendant Aon Re, Inc.'s Reply Memorandum in Support of Its Motions to Stay Proceedings or Dismiss was mailed, postage prepaid, this 8th of September 2003 to:

Richard J. Mooney, Esq.
Latham & Watkins LLP
505 Montgomery Street
Suite 1900
San Francisco, CA 94111

_____
Aaron Singer