# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AON RE, INC.<br><br>Defendant. | Civil Action No. 303 CV 905 RNC<br><br>**LINCOLN'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO AON'S MOTION TO DISMISS, MOTION TO STAY, AND CROSS MOTION TO TRANSFER**<br><br>(December 22, 2003) |

**ORAL ARGUMENT REQUESTED**

SF\444636.1

Plaintiff, The Lincoln National Life Insurance Company ("Lincoln"), respectfully submits this supplemental opposition to the motion to dismiss, motion to stay, and cross-motion to transfer filed by defendant Aon Re, Inc. ("Aon"). The supplemental opposition addresses only events that occurred subsequent to Lincoln's October 28, 2003 Oppositions, including arguments relating to those post-October 28 events that were raised for the first time in Aon's reply briefs, which Lincoln has not had an opportunity to address.

## I.    BACKGROUND

The Court is aware that another member of the Unicover Pool, ReliaStar Life Insurance Company ("ReliaStar"), filed suit in New Jersey Superior Court against Aon and other defendants. As in this action, Aon responded to the ReliaStar complaint with motions seeking to (1) stay the action during the pendency of an arbitration in which it was not involved, and/or (2) transfer the action to Illinois on the ground that New Jersey had no significant interest in the adjudication of the dispute.

On November 7, 2003, the New Jersey court ruled on Aon's motions in the ReliaStar action. In lieu of a written opinion, the court read its decision in open court. *See* November 7, 2003 Transcript of the Decision of the Honorable Ann G. McCormick.[1] In that decision, the New Jersey court denied Aon's motion to transfer on the ground that New Jersey has "an interest in stopping fraudulent conduct emanating from its borders." *Id.* at 19. The court also granted Aon's motion to stay the action pending an arbitration in which Aon is not a party and refuses to become a party. *Id.* at 32.

In its replies in the present case, Aon seeks to capitalize on the latter ruling to persuade this Court to grant a similar stay. *See* Aon Reply in Support of its Motion To Stay or Dismiss, dated November 17, 2003, at 1, 7-9. Aon conveniently ignores the state court's denial of its

---

[1]    A copy of that Transcript was attached as Exhibit 2 to Aon's Reply in Support of its Motion To Stay or Dismiss, dated November 17, 2003. For the Court's convenience, an additional copy is attached as Exhibit A to the Supplemental Declaration of Richard Mooney filed herewith ("Mooney Supplemental Decl.").

SF\444636.1

motion to transfer, notwithstanding that the decision is fatal to its motion to transfer this case to Illinois.

## II.    ARGUMENT

### A.  Aon's Cross-Motion To Transfer

Aon's motion to transfer is predicated on its assertion that the New Jersey forum has a limited interest in addressing the wrongdoing at issue here.  Aon Reply in Support of Cross-Motion To Transfer, dated November 17, at 9 (arguing that plaintiff Lincoln's choice of a New Jersey forum is entitled to reduced deference because "the events at issue took place outside" New Jersey).

Aon's self-serving attempt to minimize New Jersey's interest in preventing misconduct that manifestly occurred within New Jersey's borders is unpersuasive for all the reasons set out in Lincoln's Opposition.  In addition, in denying Aon's motion to transfer ReliaStar's action to Illinois, the New Jersey court delivered the *coup de grace* to Aon's misguided argument. Specifically, the New Jersey court held that New Jersey does indeed have a substantial interest in resolving the dispute:

> [1]    "Unicover was a New Jersey corporation with its principal place of business in New Jersey
>
> [2]    "Plaintiff alleges that the fraud was conceived and executed in New Jersey.  Regardless of what law ultimately is held to apply, New Jersey has an interest in stopping fraudulent conduct emanating from its borders.  Defendants have presented no compelling factors demonstrating hardship or other compelling circumstances that would cause this Court to dismiss this case on the basis of forum non conveniens.

*See* Mooney Supplemental Decl. Exh A (Transcript of Decision) at 8, 19.

It is plainly the province of a state court of general jurisdiction to identify and declare the state's interest in resolving a dispute.  In the present diversity action, to the extent that the decision of the New Jersey court is applicable, it should be accorded great weight.  The New Jersey court's decision is indisputably applicable with respect to whether New Jersey has an interest in resolving pool member claims against Aon.  ReliaStar and Lincoln were members of

2

the same reinsurance pool. As pool members, they were both covered by the same retrocessional insurance. They both suffered damages as a result of the loss of that retrocessional reinurance, which was caused by the misconduct of Aon. Both ReliaStar and Lincoln allege that the misconduct occurred in New Jersey and, as the New Jersey court recognized, "New Jersey has an interest in stopping fraudulent conduct emanating from its borders." This should dispose of Aon's cross-motion to transfer this action to Illinois.

### B. Aon's Motion to Stay

Aon argues that this action should be stayed because the ReliaStar action was stayed. Aon Reply in Support of Motion to Stay or Dismiss, dated November 17, at 1, 7-9. In particular, Aon urges that a stay is appropriate because (1) the court in the ReliaStar action concluded that, if third party Unicover is exonerated in the arbitration pending against it, "there probably would be no viable claims" against Aon and (2) the court in the ReliaStar action concluded that the Unicover arbitration would proceed to a rapid conclusion. *Id.* These arguments are insufficient to warrant a stay of this action for at least four reasons.

*First*, this aspect of the New Jersey court's decision is inapplicable to the present case. ReliaStar sued Unicover's principals in the New Jersey action.[2] Lincoln did *not* sue Unicover or its principals. Thus, whatever may be the situation with ReliaStar, there is no basis for staying Lincoln's claims against Aon on account of claims by another pool member against defendants that Lincoln did not even sue.

*Second*, the New jersey court explicitly did not intend to affect whether this action is stayed. Indeed, rather than purporting to dictate how this Court should decide the issue, that court expressed a willingness to reconsider its decision if this Court were to reach a different conclusion. Thus, Judge McCormick specifically noted that she would "reconsider [the] decision to stay these proceedings upon an appropriate application if one or more of the other pending

---

[2] ReliaStar apparently did not sue Unicover itself because ReliaStar believes that Unicover wrongfully transferred the fruits of its wrongdoing to its principals and is effectively judgment-proof. Mooney Supplemental Decl. ¶ 3.

SF\444636.1

cases filed by the pool members are not stayed." Mooney Supplemental Decl. Exh. A

(Transcript of Decision) at 32. Thus, far from seeking to impose her decision on Lincoln, Judge

McCormick expressly made her decision subject to reconsideration in light of this Court's

determination of the issue.

*Third*, whatever ReliaStar has alleged, Lincoln's allegations against Aon are

unquestionably independent of any wrongdoing by Unicover. Unlike ReliaStar, Lincoln did *not*

sue Unicover or its principals. Lincoln's complaint alleges that Aon (a) concealed from the pool

members and the retrocessionaires the full amount of premium being retroceded, (b) concealed

from the pool members the retrocessionaires' concern about the amount of premium that Aon did

disclose, (c) concealed from the pool members the retrocessionaires' direction to discontinue

writing additional premium, (d) affirmatively misrepresented that the retrocessionaires were not

dissatisfied with the amount of premium being ceded to them, and otherwise violated its duties as

a reinsurance intermediary, none of which depends upon any actual or putative wrongdoing by

Unicover. *See* Complaint ¶¶ 9, 16, 19-23, 29, 31, 35, 37, 41-42. Thus, Aon's liability is not

dependent on any wrongdoing by Unicover, which is not a party to the present action. There is

no reason to stay this action pending resolution of claims not alleged by Lincoln against an entity

that Lincoln did not sue.[3]

*Fourth*, the decision to stay the ReliaStar action was based in large part on

representations by Aon that the arbitration against Unicover would be concluded swiftly. *See*

Mooney Supplemental Decl. Exh. A (Transcript of Decision) at 31 (concluding that the

arbitration "therefore should take place much more quickly than it did the first time around"); *id.*

(noting that the court would "monitor the arbitration proceeding and if it becomes too lengthy

can reactivate the litigation"); *id.* at 32-33 (ordering periodic status conferences "to insure that

---

[3]     It is not surprising that, rather than respond to Lincoln's argument on this point (*see, e.g.*,
Lincoln Opposition at 7-8, 14), Aon seeks to avoid the question by hiding behind the
conclusion of a different court considering a different complaint. *See* Aon Reply in
Support of Motions To Stay or Dismiss, dated November 17, 2003, at 1, 7-9.

4

this case does not remain inactive if the arbitration proceeding is delayed for an undue length of time"). ReliaStar vigorously disputed this conclusion at the time, and subsequent developments have refuted it.

Promptly after the New Jersey court announced that it had reached a decision, Unicover served a 55-page amended arbitration demand. The amended demand replaces the previous demand of less than 1 ½ pages, asserts eight causes of action (including racketeering) not previously addressed in any litigation or arbitration and thus requiring substantial new discovery, and seeks nearly a billion dollars in damages.[4] *See* Mooney Supplemental Decl. ¶ 4 & Exh. B. The new demand alleges a wide-ranging conspiracy purportedly designed to destroy Unicover and its reputation, which began *after the conclusion* of all the events at issue in Lincoln's lawsuit against Aon. Lincoln's complaint in this action alleges that Aon's and Rattner's wrongdoing in 1998 led the retrocessionaires unilaterally to terminate the Three-Year Whole Account beginning in January 1999. Complaint ¶¶ 19-27. Unicover's amended arbitration demand admits the termination and alleges that, as a "consequen[ce]" of it, certain Pool members entered into a purported conspiracy against Unicover. *See* Mooney Supplemental Decl. Exh. B (Amended Arbitration Demand) ¶¶ 12-13. Even ignoring the fact that Lincoln has not even sued Unicover, the amended arbitration demand thus demonstrates beyond dispute that this action and the Unicover arbitration do not overlap sufficiently to warrant a stay. This action, which concerns Aon's and Rattner's wrongful conduct *in and before* January 1999, will be unaffected by the outcome of Unicover's claims in the arbitration, which concern the pool members' actions toward Unicover *after* January 1999.

In addition, the breadth and complexity of the eight causes of action asserted in the 55 pages of allegations, and the enormous amounts at stake, virtually guarantee that the arbitration will be hard fought and protracted. For example, there are substantial doubts whether some of

---

[4]    It is difficult to resist the conclusion that Unicover withheld the amendment until the New Jersey court announced that it had reached its decision precisely so that the court would be mislead about how expeditiously the Unicover arbitration would be resolved.

the new claims (*e.g.*, the federal and state RICO causes of action) are arbitrable at all, which may require judicial challenges to resolve. There certainly will be significant discovery on this new set of claims. The new claims may require expert opinions, which will add to the time necessary to resolve the dispute. In short, the situation now is not what was before the New Jersey court when it ruled that the arbitration "therefore should take place much more quickly than it did the first time around."

To the extent that the state court's stay order rested on an expectation of a speedy resolution of the Unicover arbitration, that expectation has been dashed. In light of this development, ReliaStar has moved for reconsideration of the state court's decision to stay the ReliaStar action. *See* Mooney Supplemental Decl. ¶ 5 & Exh. C. There is no basis to stall the prosecution of Lincoln's claims against a solvent Aon, while waiting years for the resolution of overblown, desperate claims brought against Lincoln by Unicover, which is a non-party to this action.

## III.    CONCLUSION

For these new and additional reasons, in addition to the reasons previously adduced in Lincoln's Oppositions, Lincoln respectfully requests that Aon's motion to stay and cross-motion to transfer be denied.

Dated:  December 22, 2003
        San Francisco, California

                                    LATHAM & WATKINS LLP

                                    By _____
                                        Richard Mooney (admitted *pro hac vice*)
                                        Attorneys for Plaintiff The Lincoln
                                        National Life Insurance Company

                                        505 Montgomery St. #1900
                                        San Francisco, CA 94111
                                        (415) 391-0600
                                        (415) 395-8095 (fax)
                                        richard.mooney@lw.com

6

SF\444636.1