149.   As set forth hereinabove, the Pool Year 4 Members, among others, conspired to and participated in a scheme to tortiously interfere with Unicover's business and contractual relationships and prospective economic advantage and to destroy Unicover's business in the process.

150.   To accomplish their scheme, the Pool Year 4 Members, among others, associated together and organized themselves into the Executive Committee, which constituted an "enterprise" within the meaning of 18 U.S.C. § 1961, et seq. Said Executive Committee was formed for the specific and common purpose of furthering the conspiracy among the Pool Year 4 Members and others to engage in a course of conduct and activity designed to harm Unicover.

151.   Beginning in 1999, the Pool Year 4 Members, among others, controlled and participated in such an enterprise through a pattern of racketeering activity, and also conspired to engage in such racketeering activity.

152.   The racketeering activity engaged in by the Pool Year 4 Members included the following predicate acts, among others:

a.   committed mail fraud in violation of 18 U.S.C. 1341 by, among other things, using the mails repeatedly as detailed above to disseminate false and defamatory information regarding Unicover with the purpose of tortiously interfering with Unicover's business and contractual relationships and prospective economic advantage and damaging Unicover's business; and

b.   committed wire fraud in violation of 18 U.S.C. § 1343 by, among other things, repeatedly telefaxing and/or causing to be telefaxed documents in furtherance of the fraudulent scheme set forth above.

153. The foregoing predicate acts constitute a related and continuing pattern of racketeering activity.

154. By reason of the foregoing violations of 18 U.S.C. § 1961 *et. seq.*, Unicover has suffered damages in an amount in excess of $300,000,000.

### EIGHTH CLAIM
#### (Violation Of The New Jersey RICO Act)

155. Unicover repeats and realleges paragraphs 1 through 154 above as if set forth at length herein.

156. As set forth hereinabove, the Pool Year 4 Members, among others, conspired to and participated in a scheme to tortiously interfere with Unicover's business and contractual relationships and prospective economic advantage and to destroy Unicover's business in the process.

157. To accomplish their scheme, the Pool Year 4 Members, among others, associated together and organized themselves into the Executive Committee, which constituted an "enterprise" within the meaning of N.J.S.A. 2C:41-1 *et seq*. Said Executive Committee was formed for the specific and common purpose of furthering the conspiracy among the Pool Year 4 Members and others to engage in a course of conduct and activity designed to harm Unicover.

158. Beginning in 1999, the Pool Year 4 Members and others controlled and participated in such an enterprise through a pattern of racketeering activity, and also conspired to engage in such racketeering activity.

159. The racketeering activity engaged in by the Pool Year 4 Members included the following predicate acts, among others:

52

a. committed mail fraud by, among other things, using the mails repeatedly as detailed above to disseminate false and defamatory information regarding Unicover with the purpose of tortiously interfering with Unicover's business and contractual relationships and prospective economic advantage and damaging Unicover's business; and

b. committed wire fraud by, among other things, repeatedly telefaxing and/or causing to be telefaxed documents in furtherance of the fraudulent scheme set forth above.

160. The foregoing predicate acts constitute a related and continuing pattern of racketeering activity.

161. By reason of the foregoing violations of N.J.S.A. 2C:41-1 *et seq.*, Unicover has suffered damages in an amount in excess of $300,000,000.

## AWARD SOUGHT

Unicover hereby seeks and requests that the Panel award the following relief :

A. On its First Claim, awarding Unicover compensatory damages against the Pool Year 4 Members, jointly and severally, in an amount to be established at the hearing of this matter and in an amount in excess of $34,000,000;

B. On its Second Claim, awarding Unicover compensatory damages against the Pool Year 4 Members, jointly and severally, in an amount to be established at the hearing of this matter and in an amount in excess of $34,000,000;

C. On its Third Claim, confirmation of Unicover's indemnification rights against the Pool Year 4 Members, jointly and severally, under the PMA;

any way, it is Unicover's position that no general restriction on communication regarding any aspect of these proceedings is either required or appropriate.

Dated: November 5, 2003

Respectfully submitted,

RIKER, DANZIG, SCHERER, HYLAND
& PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800

By: _Gerald A. Liloia_____

Gerald A. Liloia

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022-6069
(212) 848-4000

Attorneys for Cragwood Managers, LLC f/k/a Unicover Managers, LLC and successor-in-interest to Unicover Managers, Inc.

3361231.03

55

# EXHIBIT 3

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101-0652
(973) 622-4444
     - and -
CRAVATH, SWAINE & MOORE, LLP
825 Eighth Avenue
New York, NY 10019
Tel. 212-474-1000
Attorneys for Plaintiff
     ReliaStar Life Insurance Company

FILED

DEC 23 2003

.... ........ .........

---

RELIASTAR LIFE INSURANCE COMPANY,

Plaintiff(s),

vs.

JOHN E. PALLAT, III, THOMAS J. DUNN,
JR., ROBERT J. WOJTOWICZ, ROGER
SMITH, AON RE, INC., and RATTNER
MACKENZIE LIMITED,

Defendant(s).

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION:MIDDLESEX COUNTY
DOCKET NO. MID-L-3916-03

Civil Action

ORDER

---

This matter having been opened to the Court by McCarter & English, LLP, and by

Cravath, Swaine & Moore, LLP, attorneys for plaintiff ReliaStar Life Insurance

Company, for an Order vacating the stay entered on November 7, 2003 and reconsidering

the order entered on November 7, 2003, on notice to all other counsel; and the Court

having reviewed the moving, opposition and any reply papers; and having heard

argument; and for good cause shown:

FOR THE REASONS SET FORTH
ON THE RECORD ON _____

It is on this ___83___ day of _____, 2003

ORDERED that the motion **DENIED** entered on November 7, 2003 is

hereby granted; and it is

**FURTHER ORDERED** that a copy of this Order shall be served upon all counsel of record within _____ days of receipt by McCarter & English, LLP.

ANN G. McCORMICK, J.S.C.

NWK2: 1113722.01

# EXHIBIT 4

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, CIVIL PART
MIDDLESEX COUNTY
DOCKET NO. MID-L-3916-03

1                            A.D.#_____

2    RELIASTAR LIFE INSURANCE CO., )

3                   Plaintiff,    )

4                             )      TRANSCRIPT OF THE
           Vs.             )       DECISION OF THE

5                             )  HONORABLE ANN G. MCCORMICK

6    JOHN E. PALLAT, III, ET AL., )

7                 Defendants.   )

8

9                       Place:   Middlesex County Courthouse
                               1 JFK Square

10                                 New Brunswick, New Jersey 08903

11                     Date:   December 23, 2003

12

   BEFORE:

13

     HONORABLE ANN G. MCCORMICK, J.S.C.

14

15    TRANSCRIPT ORDERED BY:

16      CRAIG L. STEINFELD, ESQ. (Riker Danzig Scherer Hyland &
17      Perretti)

18

19

20

21                       Transcriber, Gail M. Tornetta
                      G&L TRANSCRIPTION OF NJ

22                       40 Evans Place
                      Pompton Plains, New Jersey 07444

23

24                       Sound Recorded
                      Recording Operator, E. Jeffers

25

I N D E X                        2

1                           Page

2
THE COURT
3
   Decision:              3
4
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          THE COURT:  All right.  This is the matter of

2     ReliaStar Life Insurance Company vs. Pallat and others.

3     It's docket number L-3916-03.

4          This motion has been brought on behalf of

5     plaintiff, ReliaStar Life Insurance Company seeking

6     reconsideration of this Court's November 7, 2003

7     decision and order granting defendant's motion to stay

8     the proceedings pending arbitration.  The motion was

9     returnable on December 19.  No party requested oral

10    argument, so this motion is being decided on the papers

11    pursuant to Rule 1:6-2.

12         Rule 4:49-2 sets forth the standard to be

13    applied to reconsideration motions.  That Rule provides

14    impertinent part as follows, quote:

15         "The motion shall state with specificity the

16    basis on which it is made including a statement of the

17    matters of controlling decisions which counsel believes

18    the Court has overlooked or as to which it has erred,"

19    close quote.

20         On its reconsideration motion ReliaStar

21    advises that after oral argument and immediately before

22    this Court's oral decision was rendered on November 7

23    an amended supp -- and supplemental arbitration demand

24    against pool year four members was filed, ReliaStar

25    argues that the amended and supplemental arbitration

The Court - Decision                                    4

1    demand substantially expands the scope of the
2    arbitration and now includes claims that arose after
3    the events that are the subject of the pleadings
4    herein.  ReliaStar contends that such expansion changes
5    this Court's stay analysis because as a result of the
6    amended and supplemental arbitration demand there will
7    be substantial discovery not contemplated by this Court
8    and far fewer overlapping claims between the
9    arbitration and this lawsuit.
10              The initial arbitration demand was by way of
11   letter dated June 20, 2003.  The demand letter simply
12   set forth the causes of action that were going to be
13   asserted.  Those causes of action were:
14              One, unpaid management fees and commissions
15   due and owing Craigwood (phonetic) under the agreement.
16   Two, unjust enrichment.  Three, tortuous interference
17   with prospective economic advantage.  Four, business,
18   commercial disparagement.  Five, conspiracy to
19   tortuously interfere with Craigwood's business and
20   contractual relationships.  Four -- I'm sorry, six,
21   violation for the Federal Racketeer Influence and
22   Corrupt Organizations Act.  Seven, violation of the New
23   Jersey Racketeer Influence and Corrupt Organizations
24   Act.  And eight, such other relief as the arbitration
25   panel deems appropriate.

The Court - Decision                                5

1           As is -- the letter did not include the

2    factual allegations upon which these claims were based.

3    It was obvious, however, that these causes of action

4    were directed to events that transpired both during and

5    after the events upon which the complaint here were

6    based.

7           The amended and supplemental arbitration

8    demand sets forth in detail the factual basis of the

9    claims.   The only new cause of action is one for

10   indemnification.   The filing of the amended and

11   supplemental arbitration demand thus raises no new

12   legal or factual issues not already considered by this

13   Court in its decision.

14           As to ReliaStar's request for a bond or some

15   type of monetary security, an issue that was raised in

16   the initial motion, but which may not have been

17   addressed specifically in this Court's decision, this

18   Court denies ReliaStar any such relief.

19           The relief sought herein is money, not

20   equitable relief.   What ReliaStar then is in essence

21   seeking is a form of a prejudgment attachment, the

22   prerequisite of which it clearly has now shown.

23   Moreover, ReliaStar already has sought similar relief

24   from the United States District Court for the District

25   of New Jersey, albeit against Craigwood and not against

The Court - Decision                          6

1    the defendants herein.  Such relief was denied.

2          The other reasons ReliaStar sets forth as a

3    basis for reconsideration are simply re-arguments of

4    factual and legal issues raised and addressed in

5    connection with the original motion and not -- and will

6    not be reconsidered.

7          Accordingly, the motion for reconsideration

8    is denied.

9

10                      CERTIFICATION

11

12   I, GAIL M. TORNETTA, the assigned transcriber, do hereby

13   certify the foregoing transcript of proceedings on Tape

14   number 1, index number from 0014 to 0309, is prepared in

15   full compliance with the current Transcript Format for

16   Judicial Proceedings and is a true and accurate non-

17   compressed transcript of the proceedings as recorded.

18

19

20

21   _____

22   GAIL M. TORNETTA  AOC #511
     G&L TRANSCRIPTION OF NJ          Date: January 7, 2004
23

24

25

# EXHIBIT 5