# CRAGWOOD MANAGERS, LLC

June 20, 2003

**BY FACSIMILE AND U.S. CERTIFIED MAIL –**
**RETURN RECEIPT REQUESTED**

Phoenix Life Insurance Company
(f/k/a Phoenix Home Life Insurance Company)
One American Row
Hartford, CT 12144
Attn: Dona Young
(Fax # 860-403-5543)

John B. Rosenquest III, Esq.
Edwards & Angell LLP
90 State House Square
Hartford, CT 06103
(Fax # 860-527-4198)

General & Cologne Life Re of America
(f/k/a Cologne Life Reinsurance Company)
695 East Main Street
Stamford, CT 06904-0300
Attn: Timothy T. McCaffrey, Esq.
(Fax # 203-328-5877)

John M. Nonna, Esq.,
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
125 W. 55th Street
New York, NY 10019 – 5389
(Fax # 212-424-8500)

ReliaStar Life Insurance Company
20 Washington Avenue South
Minneapolis, MN 55401-1900
Attn: Gerald Sherman, Esq.
(Fax # 612-342-7531)

2

John E. Beerbower, Esq.,
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(Fax # 212-474-3700)

Life Reassurance Corporation of America
175 King Street
Armonk, NY 10504
Attn: Kevin Trapp
(Fax # 914-828-5932)

Stephen Stublarec, Esq.
Latham & Watkins LLP
505 Montgomery Street
Suite 1900
San Francisco, CA 94111-2562
(Fax # 415-395-8095)

<u>Demand for Arbitration</u>

Dear Sirs:

Cragwood Managers, L.L.C. (f/k/a Unicover Managers, L.L.C. and successor by merger to Unicover Managers, Inc.) ("**Cragwood**") hereby counter-demands arbitration against Phoenix Life Insurance Company (f/k/a Phoenix Home Life Insurance Company) ("**Phoenix**") and General & Cologne Life Re of America (f/k/a Cologne Life Reinsurance Company) ("**Cologne**") and demands arbitration against ReliaStar Life Insurance Company ("**ReliaStar**") and Life Reassurance Corporation of America ("**Life Re**").

This counter-demand and demand is made pursuant to the arbitration clause contained in the Occupational Accident Reinsurance Pool Management Agreements (the "**Agreements**") executed by Cragwood and the members of the Unicover Occupational Accident Reinsurance Pool, including Phoenix, Cologne, ReliaStar and Life Re. The arbitration clause is referred to in the Unicover Occupational Accident Reinsurance Pool slips and appears at paragraph 21 of the Agreements.

Cragwood will seek relief in arbitration that includes, but is not limited to, damages arising from: (i) unpaid management fees and commissions due and owing Cragwood under the Agreement, (ii) unjust enrichment, (iii) tortious interference with prospective economic advantage, (iv) business/commercial disparagement, (v) conspiracy to tortiously interfere with Cragwood's business and contractual relationships, (vi) violation of the Federal Racketeer Influenced and Corrupt Organizations Act, (vii) violation of the New Jersey Racketeer

3

Influenced & Corrupt Organizations Act (N.J.S.A. 2C:41-1 et seq.), and (viii) any further relief that the arbitration panel deems appropriate.

Pursuant to the arbitration clause and the earlier agreement among Cragwood, Phoenix and Cologne, Cragwood will appoint its arbitrator on or before July 22, 2003, and the other party appointed arbitrator is similarly to be appointed on or before July 22, 2003.

Cragwood reserves its right to update and supplement this response and the relief requested. Any communications to Cragwood with respect to this proceeding should be directed to Henry Weisburg at Shearman & Sterling LLP and Gerald Liloia at Riker Danzig Scherer Hyland & Perretti LLP.

Very truly yours,

CRAGWOOD MANAGERS, LLC

By: _____
John E. Pallatt III
Member

cc:    Henry Weisburg
       Gerald A. Liloia

# EXHIBIT 6

# SHEARMAN & STERLING LLP

FAX:     212 848-7179
TELEX:   667290 WUI
www.shearman.com

599 LEXINGTON AVENUE
NEW YORK, NY 10022-6069
212 848-4000

ABU DHABI
BEIJING
BRUSSELS
DÜSSELDORF
FRANKFURT
HONG KONG
LONDON
MANNHEIM
MENLO PARK
MUNICH
NEW YORK
PARIS
ROME
SAN FRANCISCO
SINGAPORE
TOKYO
TORONTO
WASHINGTON, D.C.

WRITER'S DIRECT NUMBER:
212-848-4193

WRITER'S EMAIL ADDRESS:
hweisburg@shearman.com

June 20, 2003

BY FACSIMILE AND U.S. CERTIFIED MAIL –
RETURN RECEIPT REQUESTED

Raymond L. Prosser, Esq.
Vice President and General Counsel
Lincoln National Reassurance Co.
1700 Magnavox Way
Fort Wayne, Indiana 46804-1538

Stephen Stublarec, Esq.
Latham & Watkins LLP
505 Montgomery Street
Suite 1900
San Francisco, CA 94111-2562

Notice of Demand for Arbitration

Dear Ray and Steve:

Please find enclosed a Demand for Arbitration (the "Demand") served today by Cragwood Managers, L.L.C. (f/k/a Unicover Managers, L.L.C. and successor by merger to Unicover Managers, Inc.) ("Cragwood").

In the demand, Cragwood counter-demands arbitration against Phoenix Life Insurance Company ("Phoenix") and General & Cologne Life Re of America ("Cologne") and demands arbitration against ReliaStar Life Insurance Company ("ReliaStar") and Life Reassurance Corporation of America ("Life Re"). The counter-demands and demands were made pursuant to the Occupation Accident Reinsurance Pool Management Agreements (the "Agreements") executed by Cragwood and members of the Unicover Occupational Accident Reinsurance Pool (the "Pool"), including Cologne, Phoenix, ReliaStar, Life Re and Lincoln National Life Insurance Company ("Lincoln").

Shearman & Sterling LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

Raymond L. Prosser, Esq.
Stephen Sublarec, Esq.
June 20, 2003
Page 2

       This letter is to advise you that Cragwood will demand arbitration similarly against Lincoln immediately upon the termination of the Tolling Agreement entered into by and between Lincoln and Lincoln National Health & Casualty Insurance Company and Cragwood. You will note that the required joint appointment of an arbitrator by the Members of the Pool that are party to the arbitration is scheduled to take place on or before July 22, 2003. Lincoln is to jointly select an arbitrator along with Phoenix, Cologne, ReliaStar and Life Re.

                                      Very truly yours,

                                        Henry Weisburg

cc:     John Pallat
         Gerald A. Liloia

# EXHIBIT 7

# SHEARMAN & STERLING LLP

FAX: 212-848-7179
TELEX: 667290 WUI
www.shearman.com

599 LEXINGTON AVENUE
NEW YORK, N.Y. 10022-6069
212 848-4000

ABU DHABI
BEIJING
BRUSSELS
DÜSSELDORF
FRANKFURT
HONG KONG
LONDON
MANNHEIM
MENLO PARK
MUNICH
NEW YORK
PARIS
ROME
SAN FRANCISCO
SINGAPORE
TOKYO
TORONTO
WASHINGTON, D.C.

WRITER'S DIRECT NUMBER:

(212) 848-4193

WRITER'S EMAIL ADDRESS:
hweisburg@shearman.com

July 18, 2003

By Fax

John M. Nonna
Larry P. Schiffer
LeBoeuf, Lamb, Greene & MacRae LLP
*Attorneys for*
*General & Cologne Life Re of America*
125 West 55th Street
New York, NY 10019-5389

E. Paul Kanefsky
John B. Rosenquest
Edwards & Angell, LLP
*Attorneys for*
*Phoenix Life Insurance Company*
750 Lexington Avenue
New York, NY 10022-1200

Stephen Stublarec
Christopher L. Byers
Latham & Watkins LLP
*Attorneys for*
*Lincoln National Life Insurance Company and*
*Life Reassurance Corporation of America*
505 Montgomery Street, Suite 1900
San Francisco, CA 94111-2562

NYDOCS04/380063 *Shearman & Sterling LLP is a limited liability partnership organized in the United States under*
*the laws of the State of Delaware, which laws limit the personal liability of partners.*

July 18, 2003
Page 2

John E. Beerbower
Cravath, Swaine & Moore LLP
*Attorneys for*
*ReliaStar Life Insurance Company*
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Re:  Consolidation of Arbitrations Among Pool Years and
Demand for Arbitration Against Lincoln National Life Insurance Company

Gentlemen:

We understand that each of your respective clients takes the view that it is not appropriate to consolidate (i) an arbitration between our client and members of Pool Year 4 with (ii) an arbitration between our client and members of Pool Years 1-3. While we believe that the foregoing position is without merit, Cragwood Managers, L.L.C. ("Cragwood") will, as set forth below, accommodate your position in order to move these matters forward.

As you know, on May 22, 2003, Phoenix Life Insurance Company ("Phoenix") and General & Cologne Life Re of America ("Cologne") separately demanded arbitration against Cragwood under the Occupational Accident Reinsurance Pool Management Agreement (the "Pool Management Agreement"). On June 20, 2003, Cragwood counter-demanded arbitration against Phoenix and Cologne and demanded arbitration against ReliaStar Life Insurance Company ("ReliaStar") and Life Reassurance Corporation of America ("Life Re").

We believe that the Pool Management Agreement (in particular section 21(g)) makes clear that such arbitrations involving multiple members of the Pool are to be consolidated – even if those Pool members are not members of the same Pool year. That said, Cragwood is not interested in going through extended litigation simply to determine this issue here. Cragwood's accommodation of your clients' position for two proceedings is without prejudice to Cragwood's contractual rights in other settings, and Cragwood reserves its rights accordingly.

Accordingly, based on (i) the position of each of your clients that it is not appropriate to consolidate an arbitration between our client and members of Pool Year 4 with an arbitration between our client and members of Pool Years 1-3, and (ii) the representation by counsel for Phoenix (in John Rosenquest's July 8, 2003 email) that, among other things, the arbitration it commenced against Cragwood "was commenced under the Pool Year 4 agreement to address Pool Year 4 losses" (the "Pool Year 4 Members arbitration"), Cragwood hereby agrees to withdraw without prejudice its counter-demand for arbitration against Life Re in the Pool Year 4 Members arbitration and confine the Pool Year 4 Members arbitration to an arbitration involving itself and members of Pool Year 4.

July 18, 2003
Page 3

In this Pool Year 4 Members arbitration, Cragwood hereby similarly demands arbitration against Lincoln National Life Insurance Company ("Lincoln").[1]  As against each of Phoenix, Cologne, ReliaStar and Lincoln, Cragwood will seek relief in the Pool Year 4 Members arbitration that includes, but is not limited to, damages arising from some or all of the following: (i) unpaid management fees and commissions due and owing Cragwood under the Agreement, (ii) unjust enrichment, (iii) tortious interference with prospective economic advantage, (iv) business/commercial disparagement, (v) conspiracy to tortiously interfere with Cragwood's business and contractual relationships, (vi) violation of the Federal Racketeer Influenced and Corrupt Organizations Act, (vii) violation of the New Jersey Racketeer Influenced & Corrupt Organizations Act (N.J.S.A. 2C:41-1 et seq.), and (viii) any further relief that the arbitration panel deems appropriate.

We remind you that Cragwood will appoint its arbitrator on or before July 22, 2003, and the other party-appointed arbitrator (on behalf of Cologne, Phoenix, ReliaStar and Lincoln) is similarly to be appointed on or before July 22, 2003.  (Counsel for Lincoln was informed on June 20, 2003 that Cragwood would similarly demand arbitration against Lincoln and that Lincoln would jointly select an arbitrator along with Phoenix, Cologne, and ReliaStar.  Accordingly, Lincoln will similarly have had over 30 days to consult with its co-respondents to determine the other party-appointed arbitrator.)

Cragwood reserves its right to update and supplement its counter-demand and demand and the relief requested.  Cragwood further reserves all of its rights with respect to potential actions involving members of Pool Years 1-3 (including those members who may also be members of Pool Year 4).

Very truly yours,

Henry Weisburg

---

[1]    This demand is made pursuant to the arbitration clause contained in the Pool Management Agreement.  The arbitration clause is referred to in the Unicover Occupational Accident Reinsurance Pool slips and appears at paragraph 21 of the Pool Management Agreement.

# EXHIBIT 8

Charles M. Lizza (CL 5036)
Kevin R.J. Schroth (KS 2863)
**LeBoeuf, Lamb, Greene & MacRae, L.L.P.**
One Riverfront Plaza
Newark, New Jersey 07102-5490
(973) 643-8000
Attorneys for Plaintiff
General & Cologne Life Re of America

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GENERAL & COLOGNE LIFE RE OF    :    CIVIL ACTION NO. 03-CV-_____
AMERICA, PHOENIX LIFE INSURANCE    :
COMPANY, and RELIASTAR LIFE    :
INSURANCE COMPANY,    :
    :
        Plaintiffs,    :
    :
   vs.    :
    :
CRAGWOOD MANAGERS, L.L.C.,    :
SUCCESSOR IN INTEREST TO UNICOVER  :
MANAGERS, INC.,    :
    :
        Defendant.    :

---

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
## TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION IN AID
## OF ARBITRATION

Of Counsel

LEBOEUF, LAMB, GREENE AND MACRAE, L.L.P
Attorneys for Plaintiff
GENERAL & COLOGNE LIFE RE OF AMERICA

EDWARDS & ANGELL, L.L.P.
Attorneys for Plaintiff
PHOENIX LIFE INSURANCE COMPANY

MCCARTER & ENGLISH, L.L.P.
Attorneys for Plaintiff
RELIASTAR LIFE INSURANCE COMPANY

*Also Teradyne, Inc. v. Mostek Corp.,* 797 F.2d 43, 52-53 (1st Cir. 1986) (the freedom to dispose of assets should be enjoined where it creates a substantial risk to Plaintiff in arbitration that Defendant could make itself judgment proof).

The court should grant injunctive relief in aid of arbitration if: (1) the movant has demonstrated a reasonable probability of success on the merits; (2) the movant will suffer irreparable harm if relief is not granted; (3) the possibility of harm to other interested persons would not be greater if the injunctive relief is granted; and (4) granting injunctive relief is in the public interest. *Thompson v. Neinaber,* 239 F. Supp. 2d. 478, 485 n.9 (D.N.J. 2002). As set forth below, these factors are satisfied and accordingly a temporary restraining order and a preliminary injunction are warranted.

**B.    Plaintiffs Can Show a Probability of Success in the Arbitration**

This motion concerns Cragwood's wrongful transfer of over $3.5 million from the Trust Account to the Operating Account and threats to transfer these funds from the Operating Account to third parties. As set forth above, Plaintiffs have commenced the Arbitration seeking, among other things, (1) an accounting from Cragwood of the use and disposition of the funds relating to Unicover Pool business, (2) damages for Cragwood's bad faith and misconduct in placing the retrocessionaire coverage, and (3) damages from Cragwood continuing to act on behalf of the Unicover Pool members after its authority was terminated. Plaintiffs will likely succeed on at least one, if not all, of their claims.

**1.    The Pool members are entitled to an accounting from Cragwood detailing the use and disposition of funds relating to the Unicover business.**

In the Arbitration, Plaintiffs Cologne and Phoenix have sought an accounting from Cragwood for the use and disposition of funds relating to the Unicover business. The facts establish that Plaintiffs' demand for an accounting is justified.

8

Dated: Newark, New Jersey
      August 12, 2003

**LeBoeuf, Lamb, Greene & MacRae, L.L.P**
**Attorneys for Plaintiff**
**General & Cologne Re of America**
One Riverfront Plaza
Newark, New Jersey 07102-5490
973-643-8000

By:    _____
        Charles M. Lizza (CL 5036 )
        Kevin R.J. Schroth (KS 2863)

        John M. Nonna
        Larry P. Schiffer
        William P. Bodkin

**Edwards & Angell, L.L.P.**
**Attorneys for Plaintiff**
**Phoenix Life Insurance Company**
51 John F. Kennedy Parkway
Short Hills, NJ 07078
(973) 376-7700

By:    _____
        Andrew P. Fishkin (AF-7571)

**McCarter & English, L.L.P.**
**Attorneys For Plaintiff**
**ReliaStar Life Insurance Company**
Four Gateway Center
100 Mulberry Street
PO Box 652
Newark, NJ 07101-0652
(973) 622-4444

By:    _____
        William J. O'Shaughnessy (WS 5256)

17

# EXHIBIT 9