SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, CIVIL PART
MIDDLESEX COUNTY
DOCKET NO. MID-L-3916-03
A.D.#_____

1

2  RELIASTAR LIFE INSURANCE CO., )
                                )
3                               )
                   Plaintiff,   )
                                )          TRANSCRIPT OF THE
4                               )          DECISION OF THE
          Vs.                   )        HONORABLE ANN G. MCCORMICK
5                               )
                                )
6  AON RE, INC., ET AL.,        )
                                )
7                               )
                   Defendants.  )
8

9                      Place:  Middlesex County Courthouse
                               1 JFK Square
10                             New Brunswick, New Jersey 08903

11                      Date:  November 7, 2003

12

13  BEFORE:

     HONORABLE ANN G. MCCORMICK, J.S.C.
14

15  TRANSCRIPT ORDERED BY:

16     CRAIG L. STEINFELD, ESQ. (Riker Danzig Scherer Hyland &
       Dicker)
17

    APPEARANCES:
18

19     THERESA L. MOORE, ESQ. (McCarter & English)
       Attorney for Plaintiff, ReliaStar Life Insurance Co.
20

       CRAIG L. STEINFELD, ESQ. (Riker Danzig Scherer Hyland &
21     Perretti)
       Attorney for Defendants, John E. Pallat and Robert
22     J. Wojtowicz

23
       JAMES S. RICHTER, ESQ. (Winston & Strawn)
24     Attorney for Defendants, Aon Re, Inc. and Roger Smith

25

The Court - Decision                                16

1    fraud had an impact on worker's compensation insurance

2    throughout the United States.  To accept plaintiff's

3    argument would result in Radnor being subject to Calder

4    personal jurisdiction in all 50 States.  This Court

5    rejects this argument and finds that Calder effects

6    jurisdiction is limited to situations where the

7    intentional tort is expressly aimed at the forum and

8    the impact of the intentional tort is felt the

9    plaintiff in the forum.

10             Two, motion to dismiss based on forum non

11   conveniens filed by Radnor, Aon Re and Smith.  The

12   doctrine of forum non conveniens is an equitable one

13   whereby the Court must determine whether continuing the

14   case in the forum selected by plaintiff would be so

15   inappropriate that it could be considered vexatious.

16   See B-O-C Group, Inc. vs. Chevron Chemical Co., 359

17   N.J. Super 135 one -- at pages 143 to 44, Appellate

18   Division 2003.  Plaintiff's choice of forum will not be

19   disturbed unless defendant can demonstrate real

20   hardship or other compelling circumstances.  Also see

21   the D-O-C case at page 144.  Determining whether

22   defendant has met its burden entails an analysis of

23   public and private interest factors as annunciated by

24   the United States Supreme Court in Gulf Oil Corp. vs.

25   Gilbert, 330 US 501, 1947 and adopted by the Supreme

The Court - Decision                                        33

1    to insure that this case does not remain inactive if

2    the arbitration proceeding is delayed for an undue

3    length of time.  The first status conference is

4    scheduled for May 7, 2004 at 1:30 and I do have the

5    order already done.  I thought that was probably the

6    easiest way to deal with it and we'll pass it out to

7    you.  Thank you.

8

9                        CERTIFICATION

10

11   I, GAIL M. TORNETTA, the assigned transcriber, do hereby

12   certify the foregoing transcript of proceedings on Tape

13   number 1, index number from 1152 to 4021, is prepared in

14   full compliance with the current Transcript Format for

15   Judicial Proceedings and is a true and accurate non-

16   compressed transcript of the proceedings as recorded.

17

18

19

20   _____

21   GAIL M. TORNETTA   AOC #511
     G&L TRANSCRIPTION OF NJ          Date: November 12, 2003
22

23

24

25

# EXHIBIT 10

1

2

3

4      RELIASTAR LIFE INSURANCE CO.,          )
                                              )
5                         Plaintiff,          )
                                              )      TRANSCRIPT OF PROCEEDINGS
6                  vs.                        )
                                              )
7      AON RE, INC., et al.,                  )
                                              )
8                         Defendant.          )

SUPERIOR COURT OF NEW JERSEY
MIDDLESEX COUNTY, CIVIL PART
DOCKET NO. MID-L-3916-03
APP. DIV. NO._____

9

10                                            Place:  Middlesex County Court
                                                      New Brunswick, N.J.

11                                            Date:   October 24, 2003

12

13     BEFORE:

14         THE HONORABLE ANN G. MC CORMICK, J.S.C.

       TRANSCRIPT ORDERED BY:
15
           TERESA L. MOORE, ESQ. (McCarter & English)
16
       APPEARANCES:
17
           TERESA L. MOORE, ESQ. (McCarter & English)
18             -and-
           JOHN BEERBOWER, ESQ.
19         Attorneys for Plaintiff.

20

21

22                                            TRANSCRIBER LOUISE GARGANO
                                              G & L TRANSCRIPTION OF NJ
23                                            40 Evans Place
                                              Pompton Plains, New Jersey 07444
24
                                              973-616-1051
25
                                              Audio Recorded By:  N/A

Colloquy

1          MR. KILDOW:  Right.

2          THE COURT:  Okay.

3          What about the public factors?

4          MR. KILDOW:  Well, in our papers, Your Honor,

5   that's where we focused our attention because we -- we

6   think that they so overwhelmingly favor dismissal on

7   the grounds of forum non conven -- conveniens and it

8   also dovetails with our argument that the -- the action

9   should be stayed.  I think that the --

10         THE COURT:  We're not into that yet.

11         MR. KILDOW:  I know.

12         Your Honor picked up on the fact that this is

13  an international dispute.  And it's an international

14  insurance dispute.  And the case law and everybody I.

15  think acknowledges that international insurance and

16  re-insurance disputes in particular are resolved

17  through arbitration.

18         THE COURT:  Okay.

19         MR. KILDOW:  And so --

20         THE COURT:  Let me ask you a question.  Will

21  you consent to be part of the arbitration --

22         MR. KILDOW:  No, no, we are not -- we are not

23  a party to the --

24         THE COURT:  Oh.

25         MR. KILDOW:  -- management agreement.

Colloquy

1        THE COURT:  I know you're not.

2        MR. KILDOW:  And -- and there is -- there's

3   no -- no reason for us to consent to that.  No, I do

4   not.

5        THE COURT:  Okay.

6        So what you're saying is stay it but we will

7   participate.

8        MR. KILDOW:  That's correct.

9        THE COURT:  Okay.  Okay.

10        Go ahead.

11        MR. KILDOW:  International arbitration

12   dispute or insurance dis -- disputes would be

13   arbitrated.  If they should be arbitrated, why should

14   this State incur the burden and the -- the expense and

15   the expenditure of time to resolve this very, very

16   complicated dispute?

17        We've provided the Court after the last

18   telephone conference with a list.  Actually Mr.

19   Beerbower's firm did that and we all worked on it

20   together chronicling all of the litigation that relates

21   to this suit.  And this Court will undoubtedly have to

22   deal with issues that arise in any or perhaps all of

23   these suits at some point or another.

24        Why shouldn't this Court do precisely what

25   the Court in my state did in -- in Minnesota in the

33

Colloquy

1   Alyance (phonetic) suit, which is simply stay it and --

2   and allow the parties to go arbitrate it.  And so the

3   factor that it -- it would be unfair to burden the

4   jury, it would be unfair to burden the Court with the

5   administrative difficulties weighs overwhelmingly in

6   favor of dismissal.

7           The other issue I think that the Court hasn't

8   dealt with, hasn't dealt with yet but soon will is the

9   difficulties with the law that will govern this case.

10  There are going to be substantial issues of Illinois

11  law raised.  It's undisputed that the management

12  agreement has a choice of law clause in it.  And New

13  Jersey is -- would have to -- to wrestle with those

14  Illinois questions of law.  I think it's much more

15  appropriate for an Illinois Court to do that if we get

16  to that point.

17          So for just those two reasons I would argue

18  that the public factors weigh overwhelmingly in favor

19  of dismissal under forum non conveniens.

20                          (Pause)

21          THE COURT:  Is there anyone else that is

22  raising the forum non conveniens argument?

23          MR. WEISBERG:  No.  We are -- we are not on

24  behalf of Mr. Pallat and Mr. Wojtowicz.  But I just --

25  I -- I do feel I have to make the record clear as to

133

```
 1              CERTIFICATE

 2        I, Louise Gargano, the assigned transcriber, do

 3  hereby certify that the foregoing transcript of

 4  proceedings in the Superior Court of New Jersey, Civil

 5  Division, Middlesex County, on October 24, 2003, Tape

 6  No. 1, Index No. 2727—end, Tape No. 2, Index No.

 7  0001—end and Tape No. 3, Index No. 0001-0300, is

 8  prepared in full compliance with the current Transcript

 9  Format for Judicial Proceedings and is a true and

10  accurate record of the proceedings.

11

12

13                                                404

14  LOUISE GARGANO                                AOC #

15

16  G & L TRANSCRIPTION OF NJ          Dated: 11/15/03

17

18

19

20

21

22

23

24

25
```