FILED

2004 JAN 16 P 3: 55

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | CIVIL ACTION NO. 3:03CV0905 (RNC) |
| Plaintiff, | |
| v. | |
| AON RE, INC. | January 16, 2004 |
| Defendant. | |

---

### DEFENDANT AON RE, INC.'S NOTICE OF RECENT AUTHORITY

Defendant Aon Re, Inc. (Aon Re) respectfully informs the Court of a recent decision relevant to Aon Re's pending motion to stay. On January 12, 2004, the Hon. Warren W. Eginton granted Aon Re's motion to stay in the related case of *Phoenix Life Ins., et al. v. Aon Re, Inc.*, 3:03CV0907 (WWE). A copy of Judge Eginton's Order is attached as Exhibit A. In *Phoenix*, as here, Aon Re argued that all parties with claims against Aon Re related to reinsurance underwritten by Unicover Managers on behalf of a pool of insurance companies (including plaintiff Lincoln) should arbitrate their disputes with Unicover before proceeding with claims against Aon Re. Judge Eginton agreed and stayed the case pending the outcome of the ongoing Unicover arbitration. Significantly, this is the second court to grant Aon Re's motion to stay pending the Unicover arbitration. As noted in Aon Re's January 9, 2004 Sur-Reply, the Superior

Court in New Jersey granted Aon Re's motion to stay the *ReliaStar* action and, thereafter, denied plaintiff's motion to reconsider. *See* Exhibit B hereto.

Aon Re submits that Judge Eginton's decision is persuasive authority in support of Aon Re's motion to stay this action.

By: *(signature)*
Timothy A. Diemand (CT 18075)
WIGGIN AND DANA LLP
One CityPlace
185 Asylum Street
Hartford, CT 06103
Telephone: (860) 297-3738
Facsimile: (860) 525-9380

Shand S. Stephens (CT14705)
AON LAW DIVISION
199 Fremont Street
San Francisco, California 94105
Telephone: (415) 486–6980
Facsimile: (415) 486–7018

Dan K. Webb (CT 25036)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558–5600
Facsimile: (312) 558–5700

Alan L. Kildow (CT 24177)
Sonya R. Braunschweig (CT 25037)
OPPENHEIMER WOLFF & DONNELLY LLP
3300 Plaza VII Building
45 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 607–7000
Facsimile: (612) 607–7100

*Attorneys for Defendant Aon Re, Inc.*

## **CERTIFICATION**

This is to certify that a copy of Defendant Aon Re, Inc.'s Notice of Recent Authority was sent by overnight mail this 16th day of January, 2004 to:

Richard J. Mooney, Esq.
Latham & Watkins LLP
505 Montgomery Street, Ste. 1900
San Francisco, CA 94111

Walter P. Loughlin, Esq.
Latham & Watkins
885 Third Avenue, 53rd Fl, Ste. 1000
New York, NY 10022-4802

_____
Timothy A. Diemand

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JAN 13 A 11: 30

US DISTRICT COURT
BRIDGEPORT CT

PHOENIX LIFE INS. CO., and      :
GENERAL & COLOGNE LIFE RE       :   3:03cv907 (WWE)
OF AMERICA,                     :
    Plaintiffs,                 :
                                :
v.                              :
                                :
AON RE, INC.,                   :
    Defendant                   :

### ORDER

Upon careful consideration of all briefs submitted by the parties to this Court pursuant to the defendant's motion to stay the case pending the outcome of arbitration, the motion to stay (Doc. # 24) is hereby GRANTED.

Plaintiffs' motion to reassign case (Doc. # 12), defendant's motion to reassign case (Doc. # 21), and defendant's motion to dismiss (Doc. # 22) are DENIED without prejudice.

SO ORDERED this 12th day of January, 2004, at Bridgeport, Connecticut.

                WARREN W. EGINTON, Senior U.S. District Judge

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101-0652
(973) 622-4444
    - and -
CRAVATH, SWAINE & MOORE, LLP
825 Eighth Avenue
New York, NY 10019
Tel. 212-474-1000
Attorneys for Plaintiff
    ReliaStar Life Insurance Company

FILED

DEC 23 2003

---

| RELIASTAR LIFE INSURANCE COMPANY, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff(s), | LAW DIVISION:MIDDLESEX COUNTY |
| vs. | DOCKET NO. MID-L-3916-03 |
| JOHN E. PALLAT, III, THOMAS J. DUNN, JR., ROBERT J. WOJTOWICZ, ROGER SMITH, AON RE, INC., and RATTNER MACKENZIE LIMITED. | Civil Action |
| Defendant(s). | ORDER |

This matter having been opened to the Court by McCarter & English, LLP, and by Cravath, Swaine & Moore, LLP, attorneys for plaintiff ReliaStar Life Insurance Company, for an Order vacating the stay entered on November 7, 2003 and reconsidering the order entered on November 7, 2003, on notice to all other counsel; and the Court having reviewed the moving, opposition and any reply papers; and having heard argument; and for good cause shown:

FOR THE REASONS SET FORTH ON THE RECORD ON 12/23/03

It is on this _23_ day of _Dec_, 2003

ORDERED that the motion **DENIED** entered on November 7, 2003 is hereby granted; and it is

**FURTHER ORDERED** that a copy of this Order shall be served upon all counsel of record within ___7___ days of receipt by McCarter & English, LLP.

_____
ANN G. McCORMICK, J.S.C.

NWK2: 1113722.01

```
                                    SUPERIOR COURT OF NEW JERSEY
                                    LAW DIVISION, CIVIL PART
                                    MIDDLESEX COUNTY
                                    DOCKET NO. MID-L-3916-03
 1                                  A.D.#_____

 2   RELIASTAR LIFE INSURANCE CO., )
                                   )
 3              Plaintiff,         )
                                   )
 4                                 )   TRANSCRIPT OF THE
          Vs.                      )     DECISION OF THE
 5                                 )   HONORABLE ANN G. MCCORMICK
                                   )
 6   JOHN E. PALLAT, III, ET AL.,  )
                                   )
 7              Defendants.        )

 8

 9                       Place:  Middlesex County Courthouse
                                 1 JFK Square
10                               New Brunswick, New Jersey 08903

11                       Date:   December 23, 2003

12
     BEFORE:
13
         HONORABLE ANN G. MCCORMICK, J.S.C.
14

15   TRANSCRIPT ORDERED BY:

16       CRAIG L. STEINFELD, ESQ. (Riker Danzig Scherer Hyland &
         Perretti)
17

18

19

20

21                              Transcriber, Gail M. Tornetta
                                G&L TRANSCRIPTION OF NJ
22                              40 Evans Place
                                Pompton Plains, New Jersey 07444
23
                                Sound Recorded
24                              Recording Operator, E. Jeffers

25
```

<u>I N D E X</u>                                           2

                                Page

<u>THE COURT</u>

  Decision:                      3

                        The Court - Decision                    3

1         THE COURT: All right. This is the matter of
2    ReliaStar Life Insurance Company vs. Pallat and others.
3    It's docket number L-3916-03.
4         This motion has been brought on behalf of
5    plaintiff, ReliaStar Life Insurance Company seeking
6    reconsideration of this Court's November 7, 2003
7    decision and order granting defendant's motion to stay
8    the proceedings pending arbitration. The motion was
9    returnable on December 19. No party requested oral
10   argument, so this motion is being decided on the papers
11   pursuant to Rule 1:6-2.
12        Rule 4:49-2 sets forth the standard to be
13   applied to reconsideration motions. That Rule provides
14   impertinent part as follows, quote:
15        "The motion shall state with specificity the
16   basis on which it is made including a statement of the
17   matters of controlling decisions which counsel believes
18   the Court has overlooked or as to which it has erred,"
19   close quote.
20        On its reconsideration motion ReliaStar
21   advises that after oral argument and immediately before
22   this Court's oral decision was rendered on November 7
23   an amended supp -- and supplemental arbitration demand
24   against pool year four members was filed, ReliaStar
25   argues that the amended and supplemental arbitration

                        The Court - Decision                    4

1   demand substantially expands the scope of the
2   arbitration and now includes claims that arose after
3   the events that are the subject of the pleadings
4   herein.  ReliaStar contends that such expansion changes
5   this Court's stay analysis because as a result of the
6   amended and supplemental arbitration demand there will
7   be substantial discovery not contemplated by this Court
8   and far fewer overlapping claims between the
9   arbitration and this lawsuit.
10              The initial arbitration demand was by way of
11  letter dated June 20, 2003.  The demand letter simply
12  set forth the causes of action that were going to be
13  asserted.  Those causes of action were:
14              One, unpaid management fees and commissions
15  due and owing Craigwood (phonetic) under the agreement.
16  Two, unjust enrichment.  Three, tortuous interference
17  with prospective economic advantage.  Four, business,
18  commercial disparagement.  Five, conspiracy to
19  tortuously interfere with Craigwood's business and
20  contractual relationships.  Four -- I'm sorry, six,
21  violation for the Federal Racketeer Influence and
22  Corrupt Organizations Act.  Seven, violation of the New
23  Jersey Racketeer Influence and Corrupt Organizations
24  Act.  And eight, such other relief as the arbitration
25  panel deems appropriate.

The Court - Decision                                              5

1          As is -- the letter did not include the
2   factual allegations upon which these claims were based.
3   It was obvious, however, that these causes of action
4   were directed to events that transpired both during and
5   after the events upon which the complaint here were
6   based.
7          The amended and supplemental arbitration
8   demand sets forth in detail the factual basis of the
9   claims.  The only new cause of action is one for
10  indemnification.  The filing of the amended and
11  supplemental arbitration demand thus raises no new
12  legal or factual issues not already considered by this
13  Court in its decision.
14         As to ReliaStar's request for a bond or some
15  type of monetary security, an issue that was raised in
16  the initial motion, but which may not have been
17  addressed specifically in this Court's decision, this
18  Court denies ReliaStar any such relief.
19         The relief sought herein is money, not
20  equitable relief.  What ReliaStar then is in essence
21  seeking is a form of a prejudgment attachment, the
22  prerequisite of which it clearly has now shown.
23  Moreover, ReliaStar already has sought similar relief
24  from the United States District Court for the District
25  of New Jersey, albeit against Craigwood and not against

```
                    The Court - Decision                    6
```

1  the defendants herein.  Such relief was denied.
2          The other reasons ReliaStar sets forth as a
3  basis for reconsideration are simply re-arguments of
4  factual and legal issues raised and addressed in
5  connection with the original motion and not -- and will
6  not be reconsidered.
7          Accordingly, the motion for reconsideration
8  is denied.
9
10                      CERTIFICATION
11
12  I, GAIL M. TORNETTA, the assigned transcriber, do hereby
13  certify the foregoing transcript of proceedings on Tape
14  number 1, index number from 0014 to 0309, is prepared in
15  full compliance with the current Transcript Format for
16  Judicial Proceedings and is a true and accurate non-
17  compressed transcript of the proceedings as recorded.
18
19
20
21  _____
22  GAIL M. TORNETTA   AOC #511
    G&L TRANSCRIPTION OF NJ          Date: January 7, 2004
23
24
25