UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JAN 22  A 10: 32

U.S. DISTRICT COURT
HARTFORD, CT.

LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

    Plaintiff,

V.

AON RE, INC.,

    Defendant.

CASE NO. 3:03CV00905 (RNC)

RULING AND ORDER

    Plaintiff Lincoln National Life Insurance Company has moved to transfer this action to the District of New Jersey. Defendant Aon Re, Inc. has moved to transfer it to the Northern District of Illinois. For the reasons outlined below, plaintiff's transfer motion is granted and defendant's is denied.[1]

I. Facts

    Plaintiff, along with four other workers' compensation insurers, sought to reduce its risks by forming the Unicover Accident Reinsurance Pool ("the Pool"), which was managed by Unicover Managers, L.L.C. ("Unicover"). Unicover engaged defendant Aon Re and another firm, Rattner-McKenzie Limited ("Rattner"), to secure, among other things, additional reinsurance protection for the Pool. Four firms, known collectively as the "Retrocessionaires," agreed to provide such protection. After a period of time, the Retrocessionaires obtained rescission of the agreement on the ground that the full

---

[1] Defendant's other motions are denied without prejudice to renewal in the transferee court.

amount of the risk ceded to them had been concealed.

In May 2003, plaintiff and three other Pool members started a series of actions against Aon Re and Rattner. Plaintiff filed this action, making contract claims, while two other Pool members, Phoenix Life Insurance Company ("Phoenix") and General & Cologne Life Re of America ("Cologne"), filed a separate action in this District against Aon Re, also making contract claims. Plaintiff also filed an action against Aon Re and Rattner in the District of New Jersey, asserting tort claims against both and contract claims against Rattner, while Phoenix and Cologne filed a separate action there against Aon Re, Rattner, Unicover and individual Unicover executives. Another Pool member, ReliaStar Life Insurance Company, filed claims against Aon Re and Unicover shareholders in New Jersey state court. Meanwhile, all four Pool members named above became parties to an arbitration proceeding against Unicover.

II. Discussion

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." See generally, United States Surgical Corp. v. Imagyn Med. Techs., Inc., 25 F. Supp. 2d 40, 46 (D. Conn. 1998). It is undisputed that this action could have been brought in the District of New Jersey or the Northern District of Illinois. The question, then, is which of these two Districts is the better forum for this litigation in light of the

present record.

The interest of justice may be served by transferring a case to facilitate its consolidation with other cases arising from the same conduct. See Wyndham Associates v. Bintliff, 398 F.2d 614, 619 (2d Cir. 1968). That is the situation here. The District of New Jersey is the site of two closely-related actions. No related action is pending in the Northern District of Illinois. Plaintiff claims, presumably with a good faith basis, that these actions can be consolidated only in the District of New Jersey because Rattner, a British firm, and the individual defendants in the Phoenix/Cologne suit, are not subject to personal jurisdiction elsewhere. Crediting plaintiff's claim, the possibility that all these actions may be consolidated in the District of New Jersey makes it the preferable forum.

Other relevant factors do not weigh decidedly in favor of the Northern District of Illinois. The convenience of the parties will be served by transferring the action to the District of New Jersey to facilitate its potential consolidation with the related actions.[2] Defendant contends that a trial in Illinois would require fewer witnesses to travel out-of-state compared to a trial in New Jersey, but a single trial of consolidated actions does not appear to be an option in Illinois at this time. The

---

[2] If consolidation were possible in the Northern District of Illinois, the convenience of the parties would be a neutral factor. See Royal & Sunalliance v. British Airways, 167 F. Supp. 2d 573, 577 (S.D.N.Y. 2001).

3

locus of operative facts favors transfer from Connecticut, but does not clearly favor Illinois over New Jersey.[3]

III. Conclusion

Accordingly, plaintiff's motion to transfer [Doc. #14] is granted, defendant's motion to transfer [Doc. #27] is denied, and defendant's motions to stay [Doc. #23] and to dismiss [Doc. #25] are denied without prejudice to renewal in the transferee court.

So ordered.

Dated at Hartford, Connecticut this 21st day of January 2004.

Robert N. Chatigny
United States District Judge

---

[3] Plaintiff contends that the relevant events consist largely of communications to or from Unicover's offices in New Jersey. Defendant contends that most of the relevant events consist of communications to or from either its headquarters in Illinois or Unicover's offices in Illinois.